# FRIEDRICH A. LIETZE

*v.*

# JOHN CLABAUGH *et al.*

PARTIES—*in chancery—when new party disclosed, necessity of amending bill.* A, being the equitable owner of the first of two promissory notes, secured by a mortgage, filed a bill to procure a sale of the mortgaged premises, making B a defendant, and alleging that the second note had been assigned to him, that he had obtained judgment on it, and sold and bid in the mortgaged premises under his judgment. B answered, setting up that in doing this he was acting merely as agent for C, to whom the note, judgment and certificate of purchase belonged and had been assigned: *Held*, the interest of C, in the subject matter of the litigation being thus disclosed, the complainant should have amended his bill and made him a party, and to proceed to final decree without giving him an opportunity to protect his interests, was error for which the decree should be reversed.

APPEAL from the Circuit Court of Clinton County; the Hon. SILAS L. BRYAN, Judge, presiding.

This was a bill in chancery, filed by John Clabaugh and Anthony Hubert against David Mallen, Anthony Zuriseller, and Friedrich A. Lietze, to compel said Zuriseller to sell certain real estate under a mortgage executed by David Mallen to said Zuriseller. Upon default of Mallen and Zuriseller, they having failed to answer, and upon trial by the court upon bill, answer of Lietze, exhibits and proofs, the court decreed that Anthony Zuriseller proceed, within thirty days, to advertise and sell said mortgaged premises, and out of the proceeds of said sale, after having first paid the costs and charges of sale, that he pay to the complainants the amount found to be due them, to wit: the sum of $790, and that in default thereof, the master in chancery make said sale in accordance with the terms and conditions of the mortgage.

Mr. FRIEDRICH A. LIETZE, appellant, *pro se.*

Mr. G. VAN HOOREBEKE, for the appellees.

Per Curiam: The complainants in this case being the equitable owners of the first of two promissory notes, secured by a mortgage, filed a bill to procure a sale of the mortgaged premises, making Lietze, the appellant, a defendant, and alleging that the second note had been assigned to him, that he had obtained judgment on it, and had sold and bid in the mortgaged premises under his judgment. Lietze answered, setting up that in doing this he was acting merely as agent for one Hume, to whom the note, judgment, and certificate of purchase belonged and had been assigned. The interest of Hume in the subject matter of the litigation being thus disclosed, the complainant should have amended his bill and made him a party. *Herrington* v. *Hubbard,* 1 Scam. 569. This decree may seriously prejudice his interests, and he should have an opportunity to protect them. The decree is reversed and the cause remanded.

*Decree reversed.*