MARY SUPPIGER

V.

THE COVENANT MUTUAL BENEFIT ASSO. OF ILL.

1. ACTION ON CERTIFICATE OF INSURANCE.—An action at law on a certificate of insurance, where the insured was not in default in any duty he was required to perform by the contract, can be maintained against the insurer for a breach of its obligation and agreement in refusing to comply with the terms of the certificate, and in such action the plaintiff is under no obligation to introduce the application upon which the certificate issued.

2. WAIVER OF PROOF OF LOSS.—The letter of the insurer informing plaintiff in substance that it denied its liability to pay because of a breach of the conditions of the certificate, was a waiver of proof of loss.

3. PRACTICE—TAKING CASE FROM JURY.—As the evidence introduced by plaintiff under the rules applicable to the case not only tended to support her cause of action, but made out a clear *prima facie* case, the court erred in taking the case from the jury.

4. LIFE INSURANCE—CONDITION AGAINST SUICIDE.—Notwithstanding a condition against liability in case of suicide in contracts of life insurance, if, at the time of the suicidal act, the insured was so insane as to be unconscious of the act, or if he was driven to its commission by some insane impulse which he had not the power to resist, the condition does not attach, and the insurer is still liable.

5. SAME—PLEADING.—Where the plea of the insurer was that the insured violated the condition against self-destruction (whether committed when sane or insane, felonious or otherwise) by compassing his own death by shooting himself, such shooting being an act of self-destruction, and the replication was "that at the time when the alleged act of self-destruction was committed, the insured was of unsound mind, wholly and entirely unconscious of the physical and moral consequences of the act and was the subject of an insane impulse which he had no power to resist," *held*, that a demurrer to such replication was properly sustained because it did not deny the material allegation of the plea that the act of self-destruction was intentional.

APPEAL from the Circuit Court of Madison county ; the Hon. AMOS WATTS, Judge, presiding. Opinion filed November 24, 1886.

This suit was brought by appellant against appellee on a certificate of insurance issued to her husband, Robert Suppiger, for $5,000, by which it is provided that upon due notice and satisfactory proof of the death of the said Robert, filed with the secretary of appellee, an assessment should be made upon all the members for the full amount named in their respective certificates, and the sum so collected, less cost of collection, to be paid to appellant within ninety days from the date of the acceptance of the evidence of death. One of the conditions upon which the certificate was issued was as follows : " If the holder of this certificate shall die by reason of any act of self-destruction whatever (whether at the time of committing the same he be sane or insane, whether felonious or otherwise) this certificate shall become null and void and of no effect, except that the aggregate amount of money which shall have been paid the association on this certificate, and no more, shall, on the delivery of this certificate properly receipted, be paid to the beneficiaries as hereinafter provided, within ninety days after receipt of proof of death."

Robert Suppiger died Aug. 22, 1883, and appellee was notified of his death. Its secretary thereupon sent to Timothy Gruag, who was acting for appellant, blanks, upon which to make formal proofs of death. These were filled up and returned to the company on the 11th of September, 1883, and their receipt duly acknowledged by the secretary without objection. In December following, in answer to a letter by Gruag, calling attention to the claim and urging its settlement, the following reply was received : " Dec. 24, 1883, Timothy Gruag, Highland, Illinois. Dear Sir and Bro. : In reply to your favor of the 13 inst., which I delayed answering in order to have the claim of Bro. Suppiger presented to the Board of Managers, at hand, and contents noted. I can now inform you that at a meeting of the board a few days since, after a full and careful consideration of the proofs of death, and of the evidence learned by our

assistant general manager in regard to same, the claim was unanimously ordered paid in accordance with the terms of the contract, that is, to return the amount which has been paid by Bro. Suppiger as membership fee and assessments, which is $120.12. Upon the receipt of certificate properly signed by Mrs. Mary Suppiger, I will send her draft on Chicago for that amount. This you understand is the full payment in accordance with the terms in the contract. Yours fraternally, E. J. Phelps, Secretary." Without further correspondence this suit was brought on the 28th of February, 1884. The pleas upon which the trial was had were general issue, tender, and a special plea alleging that Robert Suppiger, while he held said certificate, violated its condition by " compassing his own death, and did then and there die, on, to wit, Aug. 22, 1883, by shooting himself, such shooting being then and there an act of self-destruction." To this plea three replications were filed, the first two traversing the allegations of the plea; the third is by way of avoidance, in this language: " Because she says that at the time when the alleged act of self-destruction was committed the said Robert Suppiger was of unsound mind, wholly and entirely unconscious of the physical and moral consequences of the act, and was the subject of an insane impulse which he had no power to resist." On the first and second replications issue was joined and to the third a general demurrer was filed and sustained.

On the trial, the certificate sued on was read in evidence over the objection of appellee, 1st, that it does not show a promise to pay money, and 2d, that the application must accompany it. The evidence also showed payment of all assessments due from Robert Suppiger, his death, the furnishing of proofs thereof, the receipt of the foregoing letter from the secretary, and that appellant was the widow of the said Suppiger. The following stipulation was also read in evidence: It is agreed and stipulated that if the plaintiff is entitled to recover that she is entitled to a judgment for $5,000; it is further agreed the defendant has paid in to the circuit clerk the full amount of the money paid by Suppiger to said defendant as assessments and premium, and the costs of the court to day of payment. Thereupon at the instance and request of the

appellee the court gave the following instruction to the jury :
" The court instructs the jury that under the evidence in this
case the jury must find for the plaintiff and assess the damages
at the sum of one hundred and twenty-one dollars and two
cents." To the giving of this instruction appellant excepted.
The verdict was in obedience to the instruction and a motion
for a new trial being overruled, judgment was rendered
against appellee for $121.02, but it was ordered that appellant
should pay the costs of the suit, and to this judgment excep-
tions were duly taken by appellant. The case is in this court
by appeal.

Messrs. KROME & HADLEY, for appellant; that the term
" self-destruction" in the policy is synonymous with suicide,
cited Schultz v. Ins. Co., 40 Ohio, 217; Bigelow v. Berkshire
Life Ins. Co., 93 U. S. 284; Lawrence v. Mut. Life Ins. Co., 5
Bradwell, 280.

As to the construction given to a provision against self-
destruction in a policy: Lawrence v. Mut. Life Ins. Co., 5 Brad-
well, 280; Bigelow v. Berkshire Life Ins. Co., 93 U. S., 284;
Adkins v. Columbia Life Ins. Co., 70 Mo. 27 ; Conn. Mut.
Life Ins. Co. v. Groom, 86 Penn. 92 ; Life Ins. Co. v. Terry,
15 Wallace, 580.

The *onus* of showing the requisite capacity of the insured,
as well as the act of self-destruction, to bring the case within
the *proviso*, rests upon the company: Schultz v. Ins. Co., 40
Ohio, 217; Knickerbocker Ins. Co. v. Peters, 42 Md. 414 ;
Phillips v. Ins. Co., 23 La. Ann. 404.

Messrs. McKENZIE & CALKINS, for appellee; that the contract
against death by suicide, sane or insane, is legal and valid, cited
Pierce v. Traveler's Life Ins. Co., 34 Wis. 389 ; Snyder v.
Mut. Life Ins. Co. of N. Y., 3 Ins. L. J. 579; De Gogorza v.
Knickerbocker Life Ins. Co., 65 N. Y., 235 ; Supreme Com-
mandery v. Ainsworth, 71 Ala. 436; Salentine v. Mut. Ben.
L. Ins. Co., Chicago Legal News, July 4, 1885; Riley v.
Hartford L. Ins. Co., 15 Ins. L. J. 137.

WILKIN, P. J. We are aware of no rule of practice which

would justify the action of the trial court in taking the case
from the jury, under the issues and proofs made. For the
purpose of this opinion, however, the case may be treated
as though the instruction had been to find for the defendant,
which it was in effect, as to the principal sum sought to be
recovered. It appears from the rulings of the court below
that it held the introduction of the proof of loss or death
was essential to appellant's right to recover, and based the
foregoing instruction on the want of that evidence alone. An
effort is now made to sustain the action of that court in so in-
tructing the jury, upon the further ground that the action
can not be maintained in a court of law, and that the contract
or certificate of membership was improperly admitted in evi-
dence, unaccompanied by the application. These last propo-
sitions may be briefly disposed of first. On the allegations of
her amended declaration, appellant was entitled to recover the
full amount of the certificate, unless by some defense that
amount was reduced. Elkhart Mut. Aid, etc., Ass'n v. Hough-
ton, 2 N. E. Reports, 763.

The stipulation filed in this case amounts to an admission
that if appellee had made assessments according to the terms
of the contract, the full amount of $5,000 would have been
realized. There is no pretense that the insured was in de-
fault in any duty he was required to perform by the contract.
No reason is perceived why an action at law can not be
maintained in such a case, against the insurer, for a breach of
its obligation and agreement in refusing to comply with the
terms of the policy or certificate. While a court of chancery
might furnish a more adequate remedy, as is said in Benefit
Association v. Sears, 114 Ill. 113, it does not follow that a
court of law has no jurisdiction. On the contrary, the above
cited case recognizes a common law jurisdiction in like cases.

Appellant was under no obligation to introduce the applica-
tion upon which the certificate issued. It was a paper prop-
erly in possession of appellee, and if it desired it in evidence,
it was its duty to produce and introduce it. Mut. Benefit Life
Ins. Co. v. Robertson, 59 Ill. 136.

The ground upon which the court based its action is

equally untenable. The letter of December 24, 1883, by the secretary of appellee, as effectually waives all proof of loss as though it had been written for that express purpose. There could be but one reason for requiring appellant to introduce the proof of loss furnished appellee, that is, to show that she had complied on her part with the terms of the certificate. It would have been competent for no other purpose. Knicker-bocker Ins. Co. v. Gould et al., 80 Ill. R. 393. In the face of the letter above referred to, appellee could not insist that satisfactory proof of loss had not been furnished, and it was therefore wholly unnecessary for appellant to offer other evidence that she had complied with the requirements of the certificate in that regard. Peoria Marine and Fire Ins. Co. v. Whitehill, 25 Ill. 466 ; Hartford Fire Ins. Co. v. Walsh, 54 Ill. 164 ; Phœnix Ins. Co. v. Tucker, 92 Ill. 64.

The evidence introduced by appellant under the rules of law applicable to the case not only tended to support her cause of action, but made out a clear *prima facie* case, entitling her to a verdict and judgment for $5,000. The court therefore erred in taking the case from the jury, and for this error the case must be reversed and remanded.

An important question arises on the decision of the circuit judge on the demurrer to the third replication to the third plea, and as the case must be re-tried, that question can not be properly ignored here. The plea sets out the condition in the certificate exempting appellee from liability, if the holder should die by reason of any act of self-destruction, and then avers that Robert Suppiger violated said condition by *compassing his own death*, and did then *and there die on, to wit*, Aug. 22, 1883, *by shooting himself, such shooting being then and the e an act of self-destruction.* The replication seeks to avoid this plea in this language: "Because she says that at the time when the alleged act of self-destruction was committed, the said Robert Suppiger was of unsound mind, wholly and entirely unconscious of the physical and moral consequence of the act, and was the subject of an insane impulse which he had no power to resist." The condition in the certificate set up by the plea is to be treated as though the word *suicide* had

been used instead of *self-destruction*, the terms being equivalent when used in the same connection in insurance policies. It is uniformly held that notwithstanding a condition against liability in case of suicide in contracts of life insurance, yet if, at the time of the suicidal act, the insured was so insane as to be unconscious of the act, or if he was driven to its commission by some insane impulse which he had not the power to resist, the condition does not attach, and the insurer is still liable. The irreconcilable conflict of authorities is on the question as to whether the unconsciousness must extend to the moral right or wrong of the act, thus bringing the subject within the legal definition of suicide, or whether any voluntary intentional self-killing is sufficient to discharge the insurer. The Supreme Court of the United States is committed to the former doctrine and holds that there must be an act of criminal self-destruction. Life Ins. Co. v. Terry, 15 Wallace, 58; Manhatten Life Ins. Co. v. Broughton, 3 Sup. Ct. Rept. 99; Bigelow v. The Berkshire Life Ins. Co., 93 U. S. (3 Otto) 284. The courts of last resort in many of the States adopt the same rule, while in others and in England it is held that a voluntary self-destruction is within the terms of the condition, although at the time of the act there was not sufficient mental understanding to appreciate its moral turpitude. Borndarle v. Hunter, 5 M. & Gr. 693; Clift v. Schwate, 3 M., Gr. & Scott, 437. The cases cited and the conflict here mentioned, will be found to furnish a reason and some clew to the object of insurance companies in adding to such conditions the expressions, " sane or insane," " voluntary or involuntary," " voluntary or otherwise," all of which are held to be equivalent; and the weight of authority seems to be that they are added for the purpose of avoiding the stricter construction above referred to, and not to exempt the company from liability in all cases of self-killing. Hence, so far as the courts have been called upon to give construction to such policies, it has been held that the additional words relieve the insurer in all cases of voluntary intentional self-destruction, but not in cases where the act is committed in a fit of frenzied madness, and the like, when there is no ability to form an intention. In

the case of Bigelow v. The Berkshire Ins. Co., *supra*, Justice Davis says: "Nothing can be clearer than that the words sane or insane were introduced for the purpose of excepting from the operation of the policy any intentional self-destruction, whether the insured was of sound mind or in a state of insanity." To the same effect are the cases of Adkins v. L. Ins. Co., 70 Mo. 27, and Pierce v. Travelers L. Ins. Co., 34 Wis. 389. In the former it is said, "The words sane or insane conclusively show that it was the purpose of the defendant to avoid the risk of intentional self-destruction by an insane man, and we are of the opinion that the addition of these words is adequate to the accomplishment of the purpose." The test, then, would seem to be, was the act intentional. The plea in this case is to have the same effect as though it had in express terms charged that Robert Suppiger *intentionally* shot himself. The replication does not deny that allegation; as was said in Bigelow v. Berkshire L. Ins. Co., the replication concedes, in effect, all that is alleged in the plea. The language used in the replication in that case which was held bad, was that the deceased " was of unsound mind and wholly unconscious of the act." This language was treated by Justice Davis, and similar language by Judge Nelson in Breasted v. The Farmers' Loan and Trust Co., 4 Hill, 73, as an averment only that the assured was insane when he killed himself ; Justice Davis in his opinion saying, " They can be treated in no other way ; if the self-destruction was not intended, the replication would have said so." While the language there used is more general than in this replication, the effect is the same and must have a similar construction. We think the demurrer was properly sustained to it, because it does not deny the material allegation of the plea, and only attempts to do so by way of argument. For the reasons stated the judgment will be reversed and the cause remanded.

Reversed and remanded.