SARAH A. CURTIS ET AL.

v.

IDA G. WILLIAMS ET AL.

*Mortgages—Foreclosure—Interpleader—Injunction Restraining Suit in Equity—Practice.*

1. The owner of land subject to mortgage, who has been made defendant in a suit by the mortgagee to foreclose the mortgage, and in another suit by a former owner of the land to establish his title to the mortgage, may, by bill in the nature of an interpleader, compel such adverse claimants to interplead.

2. Such bill of interpleader should be an original bill and not a cross-bill in one of the former suits.

3. It is no objection to such bill that the complainant therein has filed an answer in one of the former suits.

4. On the filing of such bill a preliminary injunction restraining the prosecution of the former suits may be issued, though no positive injury is shown.

5. On the application for such injunction, the complainant's sworn allegation that the bill is brought without collusion can not be contradicted.

[Opinion filed March 24, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

In September, 1885, Margaret A. Humble filed her bill in the Circuit Court, setting up that she had been the owner of certain lots which are particularly described, and that while such owner she was induced by false and fraudulent representations of James M. Allen and Henry H. Armstead to convey said lots to said Allen by deed; that said lots were fully worth $2,500; that said conveyance thereof was without consideration; that said Allen and wife conveyed the said real estate to one J. B. Armstead; that said last mentioned conveyance was without consideration, and with full knowledge of complainant's equities in said property; charges that said J. B. Armstead is a man of no means; that to further carry out the fraudulent design he executed to one Fay, as trustee, a trust deed of each of the said lots to secure two notes of said J. B. Armstead, each for $1,500, secured by said trust deeds, which notes were payable to his own order, and by him indorsed and due five years after date, and dated September 1, 1884; that on July 25, 1885, said J. B. Armstead conveyed lot 37 (one of the described lots) to Hattie J. Harvey for $3,000, as expressed in the deed, being made subject to said trust deed to Fay for $1,500, which said Hattie J. Harvey assumed, and also on said 25th day of July, 1885, said Armstead conveyed lot 38 to Ida G. Williams, for a consideration expressed of $3,000, also subject to said trust deed to Fay for $1,500, which said Ida G. Williams assumed; charges that said Allen and said H. H. Armstead are the hold-

ers of the notes made by J. B. Armstead secured by said trust deeds, and are the actual vendors in interest of said lots; that said notes are still unpaid, and complainant is entitled to the benefit of the proceeds of said sales to the extent of the value of said lots at the time of their said conveyance to complainant, to wit, $2,500. Several persons are made defendants to this bill; among others, Allen, both the Armsteads, Hattie J. Harvey, and appellee, Ida G. Williams, and an accounting is prayed for, and an injunction restraining Allen and Armstead from negotiating or putting said notes out of their possession, and said Harvey and appellee Ida G. Williams from paying the same, and that on final hearing said Harvey and appellee Williams shall each be decreed to pay complainant the sum of $1,250, with interest thereon from the time of said conveyance by complainant according to the tender and effect of said notes assumed to be paid by them respectively; said payment to be credited on said notes as a part of the purchase price of said lots 37 and 38.

Appellee answered said bill denying knowledge of the alleged matters of fraud between complainant and said Allen and Armstead, etc., and admitting that she is the owner of said lot 38, subject to the trust deed mentioned, to secure payment of the fifteen hundred dollar note.

In July, 1889, appellee, Ida G. Williams, filed her cross-bill, in which she sets forth, in substance, the contents of complainant's bill, and states that she is the owner of lot 38, and said Harvey the owner of lot 37, subject to the trust deeds mentioned in the original bill; that a reference has been made to the master on the original bill, and he has taken testimony and is ready to return the same with his report into court, recommending a decree against cross-complainant for $1,250 and interest from December 7, 1883; that cross-complainant purchased said lot 38 without notice of said complainant Humble's rights and claims, and before the filing of said Humble's bill, and before the filing of any of the bills mentioned in this cross-bill. Further shows that on January 20, 1888, one Sarah A. Curtis filed in the Superior Court of Cook County her bill against cross-complainant to foreclose

the trust deed mentioned in the bill of said complainant Humble, conveying lot 38 to secure said note for $1,500, and interest thereon, and setting forth that she, said Curtis, was at the time of filing her said bill the *bona fide* holder of said note of $1,500, and the interest thereon; that a default had occurred by reason of the non-payment of interest on said $1,500 note by cross-complainant, and by reason of said default she, said Curtis, was entitled to a foreclosure and to a decree against cross-complainant for said $1,500 and interest and solicitor's fees; that said complainant, Curtis, claims to hold said notes without notice of the claims of said Humble, and that the same are not subject thereto; that said Curtis seeks a decree against cross-complainant for the whole of said $1,500 and interest, a portion of which said Humble seeks to reach and procure a decree against cross-complainant for in her original bill herein; that each said Curtis and said Humble is prosecuting cross-complainant without regard to the claims of the other, and that neither is a party to the other's bill.    That cross-complainant was without fault in not paying interest on said principal note of $1,500, because she could not safely pay the same by reason of the injunction prayed against from so doing in and by the said original bill of said Humble, and the danger of a decree against her; and that she could not safely pay any of said sum to said Curtis; that under the circumstances said Curtis could not rightfully declare said entire sum due, and that cross-complainant is now only bound to pay the interest due on said note and no more, and that only to the person or persons lawfully entitled thereto ; that she has always been willing to pay the money due for interest on said note, and upon the coupon notes as they mature to the person lawfully entitled to receive the same, and to whom she could pay with safety, and that she is ready and willing to pay all the interest coupons now due when and as the same become due to the party or parties entitled thereto when the court shall decide to whom the money belongs, and she offers, on said Humble and Curtis interpleading herein, to pay all money, both principal and interest, due on said $1,500 note into court as the court shall direct.    That she is in danger of having two

decrees against her, and that she does not know and can not
ascertain to which of said claimants the fund represented by
said notes belongs and should be paid.   That she does not in
any respect collude with either of the said defendants touch-
ing the matters and things above set forth, nor is she in any
manner indemnified touching the things above set forth by
either of said claimants, but files this bill of her own free will
to avoid being molested and harassed touching the matters
contained therein; sets up the claims of both parties; claims
that they be compelled to interplead; that these respective
suits against her be stayed and enjoined, etc.

On the cross-bill, a motion was made, on July 18, 1889, for
an order that appellant Curtis, and complainant Humble,
answer and interplead in said suit, and said Curtis be enjoined
from further prosecuting her said foreclosure suit.   The court
ordered that said appellee pay into court all the interest then
due on said note, and should thereafter pay into court all
interest as it shall become due on said note, to remain subject
to the further order of the court, and that said appellant Cur-
tis be enjoined until further order of the court from prosecut-
ing the said foreclosure suit, or commencing any other suit
to collect said money except by interpleading herein, and cross-
complainant was required to give to said Curtis an injunction
bond in the penal sum of $400.

From the order granting this injunction this appeal is pros-
ecuted.

Messrs. KRAUS, MAYER & STEIN, for appellants.

Messrs. ELA & GROVER, for appellees.

MORAN, J.   On the hearing of the motion for the injunction,
appellant introduced affidavits of different persons and certain
evidence taken on a hearing before the master for the pur-
pose of showing that appellee had not maintained the
neutral attitude that is required of one who files a bill of
interpleader, but that she had espoused the cause of Mrs.
Humble, and was in collusion with her in filling the cross-bill,

and on this appeal the chief portion of appellant's argument is devoted to establishing from the evidence thus introduced at the hearing of the motion that appellee did not stand indifferent between Mrs. Curtis and Mrs. Humble, but colluded with the latter, and an elaborate citation of authorities to show that if there has been collusion with one of the parties or a failure to maintain neutrality as between them the bill of interpleader can not be maintained. It is a sufficient answer to appellant's contention on this branch of the case, that the allegation in the sworn bill that appellee does not in any respect collude with either of the parties touching the matters set up in the bill, nor is she indemnified by either of them, nor has she exhibited the cross-bill at the request of either of them, but of her own free will, and to avoid being molested and harassed touching the matters set forth, is conclusive as to the question of collusion at this stage of the case.

In Langston v. Boylston, 2 Ves. 101, on a motion for an injunction on a bill of interpleader, it was attempted to be shown that there was a collusion by the plaintiff; the chancellor said that he must take it for granted that there was no collusion, for he could not determine the affidavit of the complainant to be false on a counter-affidavit.

In Stevenson v. Anderson, 2 Ves. & Bea. 407, on a similar motion, the chancellor said that though he doubted whether there was perfect good faith on the part of the plaintiff, the court was in the first instance concluded by his affidavit that there is no collusion, and will not admit an affidavit to the contrary, and in Manby v. Robinson, L. R., 4 Ch. App. 347, it is held that the plaintiff's affidavit of no collusion in an interpleader suit can not be rebutted before the hearing by a counter-affidavit, or other evidence, and the plaintiff is entitled, notwithstanding such counter-affidavit, to an order of payment of the fund into court, and for an injunction. See also Toulmin v. Reid, 14 Beav. 499; Fahie v. Lindsay, 8 Oregon, 474, 2 Dan. Ch. Pr. 1563.

Defending a suit brought by one of the claimants to the fund, if the defense is not too far persisted in, should not prevent one from filing a bill of interpleader. In Jew v. Wood,

it was insisted that the plaintiff should not be allowed to file the bill because he had attempted to defend himself in an action at law, and had himself brought an action of replevin which was an attack on the right of one of the parties, but it was held by the Master of the Rolls, that the defense set up at law ought not to preclude the plaintiff from relief on his interpleader in equity; and though in Conish v. Tanner, 1 Y. & J. 333, it was held that a party could not file his bill after verdict where he had availed himself of every defense which he could use at law, in Hamilton v. Marks, 5 De Gex. & Sm., it was said that it was no objection to an interpleader that it was filed after verdict at law where the action at law was only to ascertain the amount of damages; and in Jacobson v. Blackhurst, 2 John. & Hem. 486, where a plaintiff in an interpleader suit had previously set up a claim of lien and had pleaded it in an action at law, it was held no bar to the interpleader when it was shown that he had, concurrently with filing the bill, withdrawn the plea. The record in this case shows that the answer of appellee in the foreclosure suit commenced against her by appellant has been amended by leave of court, so as to eliminate from it all hostile or antagonistic assertions, and to leave only a statement of Mrs. Humble's claim as set up in her bill, without any asseverations as to the truth thereof. We think she has not maintained her defensive attitude so long or carried the defense so far that she should, under the circumstances, be held barred on that ground from maintaining her bill. This bill is not a strict bill of interpleader. In such a bill the complainant must be a simple stakeholder, and must admit the whole sum constituting the fund to which the conflicting claims are made to be due, and make no claim, and assert no interest in it, and seek no relief by the bill other than to be no further vexed by the conflicting claimants, and it must be shown that the claimants both seek the same thing or fund. Story's Eq. Pl. Secs. 292, 293.

But there is a remedy by bill in the nature of a bill of interpleader in cases where the plaintiff claims for himself some interest or has some right related to the subject-matter in question which entitles him to a particular relief, or where

he does not admit the whole of defendants' claim, or the defendants claim different amounts. 2 Dan. Ch. P. 1571.

In Mohawk & Hudson R. R. Co. v. Clute, 4 Paige, 384, where two different tax collectors were seeking a tax of a different amount upon the same property, and where only one tax was justly due, the bill was retained as being a bill in the nature of a bill of interpleader to ascertain which of the claimants has the legal right to collect the tax, and the case was likened to the case in Gill Eq. Rep. 4, where one who was entitled to the equity of redemption in land filed a bill in the nature of a bill of interpleader against two conflicting claimants of a fund, the amount of which was a lien on the premises. See also Dorn v. Fox, 61 N. Y. 264. In Badeau v. Rogers, 2 Paige, 209, a complainant was allowed to file his interpleader to redeem from a mortgage where there were conflicting claimants to the proceeds, and where a bill to foreclose the mortgage had been filed by one of the claimants. I am of opinion that the allegations in this bill, although it is in some respects inartificially drawn, entitle appellee to maintain it as a bill in the nature of a bill of interpleader. It appears that there are two different claimants who have suits pending against appellee claiming the same fund—the purchase money which remains unpaid on appellee's lot; that one of them claims the whole of the said money, $1,500, with all accrued interest thereon, and the other claims $1,250 of said money with interest on said amount from a stated date. That one of the claimants insists that the debt is due because of a default in the payment of interest, and seeks to foreclose the mortgage on appellee's property and sell it, and that the interest was not paid because the other claimant had filed a bill claiming it, and forbidding its payment; that neither of said claimants had made the other a party in their respective bills and that appellee is ignorant of the claimants' respective rights, and can not decide between them and pay the one without incurring the risk of being finally obliged to pay the other. She seeks relief also in that she wishes not to be compelled to pay the money until it is due by the terms of her note, and hence she was not at the filing of the bill an indifferent stakeholder, ready

to pay the whole disputed fund into court. She could not do that without sacrificing her own rights, nor could she persist in refusing to do so with safety, if Mrs. Humble's claim to the fund can not be sustained. There are peculiar features in this case not found in other cases, but it seems to me to present stronger grounds for equitable relief than many cases in which such relief has been granted. The rules of courts of equity in granting relief are flexible. That no adjudged case is found presenting precisely the same ground for relief, is no reason for refusing a remedy in a given case. The case is analogous to many of the cases which have been cited, and in my opinion comes within well settled equitable principles. The appellee was not bound to take the hazard of an adverse decision in either one of the suits, and should not be vexed by the defense of both of them, and has the right to compel adverse claimants to interplead, and relieve her from the burden that would otherwise be imposed upon her. Before the order appealed from was entered she had paid into court the interest that was due upon the note, on a bill similar to this bill, which had been filed in that court as a cross-bill in the foreclosure suit, and which same cross-bill was dismissed because of the pendency of this one. The interest so paid into the Superior Court is directed by this order to be paid into the Circuit Court, and as all that in fact remained to be done to have it in court was to transfer it from the treasury of one court to another, appellee was, in our opinion, entitled to the order restraining appellant from foreclosing the mortgage on her lot for a failure to pay the whole debt, which was not then due, unless Mrs. Humble's claim to the fund is baseless as against appellant. As the whole amount of the indebtedness has now become due by efflux of time, it will be proper for the court, by a further order, to require appellee to pay the whole amount of principal and interest into court, on terms as to a release of her property by the trustee that the chancellor shall deem just. There is a technical objection to this bill that does not appear to have been made to it at any stage of the contention, and which is not made here, but which we notice—that the complainant, if she

is so advised, may so amend as to bring her case into conformity with chancery practice. Interpleader is an original bill, and is not the proper subject of a cross-bill. The bill in this case contains all that would be necessary in an original bill, but it contains more and is named a cross-bill. For the purpose of the motion and on this review the bill may be regarded as an original bill. Foss v. First Nat. Bank of Denver, 1 McCrary, 474, 480.

It has been suggested that the order appealed from should be reversed, for the reason that appellee could obtain the relief sought by setting up Mrs. Humble's claim in her answer to the Curtis foreclosure suit, and requiring Mrs. Humble to be made a party defendant to said suit, and on the first hearing of the case in this court an opinion was filed reversing the injunction order on that ground. It was said to be the aim of a court of equity to do complete justice by settling the rights of all persons interested in the subject-matter of the suit, so that those who are compelled to perform the decree may do so safely; and that if appellant made Humble a defendant, or if Humble made appellant a defendant, a decree in either suit would be a protection to appellee against further claims by either party; therefore the order for injunction was wrong, because there is no need of it.

I express no opinion as to whether Mrs. Humble would be held to be a necessary party to the Curtis foreclosure suit, because, as it seems to me, no such question is presented by this record, and it will be time enough to decide that point when a record is before us on which it arises. It can not be suggested here to defeat this interpleader. The doctrine that an injunction should only be granted where positive injury is made to appear, has no application to the order restraining a defendant in an interpleader from the further prosecution of an action against the complainant.

An injunction or restraining order in such a case is but an incident of the principal order that the defendants interplead. Whether the complainant has stated a case which compels the defendants to interplead, is the main question. The defendants may interplead without being enjoined, but where an

action is already pending it is usual to restrain the further prosecution of it on the fund being paid into court. The right to file an interpleader can not be defeated by the suggestion that if the party pursued some other course no injunction would be necessary. That would make the right to an equitable remedy depend on the propriety of granting relief that is merely auxiliary to the main relief sought. Where the bill contains equity, and a restraining order is applied for, the question is whether such order is necessary to the attainment of the complete relief sought—not whether, if the complainant had elected to seek some other or different relief, no such order would be needed. A bill can not be dismissed for want of equity because an injunction may be necessary, which, if the complainant had not presented the equity contained in his bill, need not have been issued.

The doctrine of parties that is contended for, would be just as effectual to dismiss a bill of interpleader where no injunction issued as where such an order was necessary; indeed, if the doctrine is sound, it would be a good ground of demurrer to a bill of interpleader in all cases where a suit in chancery had been commenced by one of the defendants to the bill. Such a doctrine would indeed be a novelty in equity jurisprudence. No case is to be found which sustains such a view, but many are inconsistent with it, and some, as will be seen, hold a doctrine directly contrary. Interpleader is an old head of equity jurisprudence, and such bills seem to have been filed as well where suits in equity were pending to which the conflicting claimant might have been made a party, as where actions at law had been brought. In Birch v. Corbin, 1 Cox R. 144, a bank which held certain funds and was made defendant in a bill filed by a claimant of the funds, moved the court for a rule on the complainant in the bill to show cause why he had not brought the cause to a hearing or enjoined other claimants to the fund from proceeding against the bank in an action at law; the court said it was impossible for the bank to have the relief, but as the bank was a stakeholder, it might file its bill of interpleader; however, to get the relief sought, it must apply as a plaintiff. If the bank could protect itself by sug-

gesting that other parties claimed, and that they should have been made parties, it is singular that the chancellor should have driven it to a bill of interpleader. In Lowe v. Richardson, 3 Mad. 277, a bill of interpleader was filed by a captain against the consignee and a person who claimed against the bill of lading, but, it appearing that the defendant who so claimed had filed a prior claim against the captain and the consignee, and obtained an injunction against the captain restraining him from delivering the cargo to the consignee, an injunction on the interpleader was refused, as the captain was protected by the former suit, and his bill was unnecessary. There, it will be noticed, all the persons in interest were before the court as parties. This case is cited (in Badeau v. Rogers, 2 Paige, 209) in support of the suggestion by the chancellor that a bill of interpleader was unnecessary in that case, because suits in chancery were pending in which the claimants had made 'each other defendants, and to which the complainant was a party, and in which he might, by petition, have had the same relief. These cases are very far from being authorities that a bill of interpleader will not be allowed when, by bringing in a new party, it could be avoided; they go rather upon the principle that, where a suit is pending between all the parties, full relief will be given there to all, and resort to another suit is unnecessary. But there are a number of cases in which a contrary doctrine has been distinctly held, and where a right to file an interpleader has been sustained when a bill was already pending in which all the parties were in court, and injunctions have in such cases issued in the interpleader suit to restrain proceedings in the prior suit. See Warrington v. Wheatstone, 1 Jac. 203, where one injunction went to restrain an action at law by one claimant, and another to restrain a bill in chancery by another. Also Morgan v. Marsack, 2 Mer. 107, and Crawford v. Fisher, 10 Sim. 479. If the doctrine under consideration was known to equity practice, the question arises, why, in these cases, which were well considered, it was not directed that the claimant in the action at law be made a party to the suit of the claimants

in equity, so that the holder of the fund might be protected, and the interpleader made unnecessary.

In Prudential Ins. Co. v. Thomas, L. R., 3 Ch. App., the precise point is, in effect, decided. There one Thomas filed a bill against the company, claiming certain insurance money. A Mrs. Black also claimed the fund, but she was not made a party to Thomas' suit. The company filed its interpleader, and obtained an injunction restraining Thomas from proceeding in his suit. A motion was made to dissolve the injunction, and the court in deciding the case said: "One of the claimants was proceeding in equity to enforce payment, and the other was declaring that she would hold the company responsible if they paid that claimant; and it appears to me that there was a reason why the company should force them to interplead. If Thomas had proceeded at law, it would not have been in his power to have made Mrs. Black a party to the litigation, but having determined to come into a court of equity, nothing would have been easier for him than to have made her a party. He knew that she was a person claiming; he knew that the only reason the company alleged for not paying was, that she was making an adverse claim, and therefore a *bona fide* litigation by him ought to have included Mrs. Black as a party to this suit. *Certainly, the existence of that suit did not stand in the way of the plaintiff's filing a bill of interpleader.*" Clearly, if the right to make Mrs. Black a party to Thomas' suit would bar the company's right to an interpleader, here was an opportunity for the application of such a rule.

The right to file a bill of interpleader has been recognized in New York, where, under the code, the court might in its discretion, direct that all parties in interest should be made parties in the pending actions.

It is said by the Court of Appeals, that the only remedy strictly of right to a party sued by one of several claimants of the same debt or duty, who claims no interest himself, and knows not which to pay, is by an action in the nature of a bill of interpleader, and that the party was not bound to apply to the court to exercise the discretion given by the code to bring

Curtis v. Williams.

in as defendants to a pending suit all other claimants. Bary v. Mutual Life Ins. Co., 53 N. Y. 536; Wood v. Swift, 81 N. Y. 31; N. Y. & H. R. R. R. Co. v. Haws, 56 N. Y. 175, reversing a decision of general term, dismissing the interpleader on the ground that the plaintiff might have made one of the claimants a party to the other claimant's suit.

It is said in some of the cases, the filing of bills of interpleader is not to be encouraged. Chancellor Walworth says, in Bedell v. Hoffman, 2 Paige, 201, that they "should never be brought except in cases where the complainant can in no other way protect himself from an unjust litigation, in which he has no interest." But by this the court did not mean to say that such a bill should not be filed where the plaintiff had another equitable remedy open to him. The facts of the case in which the remark was made explain what was meant. The defendants were actually litigating their claims when the interpleader bill was filed; the complainant was in possession, and neither party had commenced any proceedings against him. He really did not need to resort to the court at all.

The doctrine of the parties, as well as the doctrine of interpleader, is a doctrine of equity. A defendant may have an equitable right to have new parties made in a suit against him, and may at the same time have the right to file an interpleader, but there is no rule which requires him to choose one remedy in equity instead of another. If he has a remedy at law, he can not come into equity, but he can not be driven from one remedy in equity because he may have another equitable remedy which may be regarded as more convenient or less troublesome to pursue. This is well illustrated in the Board of Education v. Scoville, 13 Kan. 17. There a bill in the nature of a bill of interpleader was filed, and the express objection was taken that it was unnecessary, as the conflicting claimants could be made parties to a pending action and the rights of all parties determined, and the plaintiff protected by the judgment. But the court said, in overruling the point, "There never has been any rule in equity that we are aware of requiring a party to resort to one equitable remedy in preference to some other equitable remedy, where the two remedies

are equally applicable to the facts constituting the cause of action or defense, and where both are equally available to the parties; and we think no such rule has ever existed." It is useless to extend the argument further. On both principle and authority it seems to me clear that appellee can not be defeated in her interpleader by the suggestion that she could have protected herself by seeking to have the claimants made defendants in each other's suits.

It follows from what has been said that the order appealed from must be affirmed.

GARNETT, J. I concur in the opinion of Mr. Justice Moran. At the same time, I think Mrs. Williams was entitled to the remedy suggested in the opinion of the presiding justice, had she insisted upon that course.

GARY, P. J., dissenting. To discuss all the questions suggested by this record, would require almost a complete treatise on pleading and practice in chancery.

In 1885 the appellee took a conveyance of a lot, and assumed to pay an incumbrance on it, created by her grantor, of $1,500. The appellant bought that incumbrance and now holds it. In September of the same year, Margaret A. Humble, a former owner of the lot, filed her bill in the Circuit Court claiming that she had been defrauded in the sale of the lot, by the persons from whom the appellee derived her title to the extent of $1,250, and asking to be subrogated to that extent, to the lien of the incumbrance.

In January, 1888, the appellant filed her bill in the Superior Court, to foreclose the incumbrance. Humble did not make appellant defendant to her bill, nor did the appellant make Humble a defendant to hers. Probably neither of them knew of the claim of the other. To the bill of Humble the appellee answered in January, 1886, but said nothing of the appellant's and probably did not then know that the latter held the incumbrance. March 3, 1888, the appellee answered the bill of the appellant, and among other things stated the pendency of the suit of Humble in the Circuit Court, and the

Curtis v. Williams.

claim she made.   July 2, 1889, the appellee filed in the
Humble suit in the Circuit Court, her amended cross-bill,
making the appellant a defendant thereto, setting forth the
pendency of the two suits, and the claims made by the
respective complainants, praying that they might be required
to interplead and settle their claims between themselves, and
for a perpetual injunction against the appellants from prose-
cuting the pending or any other suit to foreclose.

The Circuit Court ordered an injunction until further order,
and from that order this appeal is brought.

The counsel for the respective parties have made lengthy
arguments, and cited many authorities to show, on the side of
the appellant, that this cross-bill is a bill of interpleader, and
as such not sustainable and, on the side of the appellee, that it
is not a bill of interpleader proper, but in the nature of one,
and as such is sustainable.

There is no final decree, and the case is here only under the
special statute of June 14, 1887, allowing appeals from inter-
locutory orders granting injunctions.   Of the merits generally,
except so far as incidental, probably only so far as necessary
to the inquiry whether the injunction was properly granted,
this court, at the present stage, has no jurisdiction.

As the Circuit Court on a final hearing would not be bound
by the opinion it held on granting an interlocutory injunction,
it can hardly be the law that an erroneous opinion of this court,
if given, affirming an order erroneously granting an injunction,
would be the law of the case on a subsequent appeal from a
final decree on the merits.   I shall therefore avoid, as far as
may be, any consideration of the general subject of bills of
interpleader, and confine myself, as closely as I can, to what
incidentally affects the order which is the subject of this
appeal.

Now, it is a general rule that if the party has another ample
remedy, and does not need the aid of the court by a bill of
interpleader for his protection, he should avail himself of that
remedy.   This principle was applied to the extent of depriving
the complainant in such a bill of his costs, in Bedell v. Hoffman,
5 Paige, 196, the adverse claimants being already in litigation

with each other in another suit. And Badeau v. Rogers, Ibid. 209, is similar. This rule received the sanction— but apparently without any application to the case—of the Supreme Court of Rhode Island in Greene v. Mumford, 4 R. I. 313. It was applied in McDonald v. Allen, 37 Wis. 108, to a bill by a sheriff holding money collected on execution, filed against the plaintiff in the execution, and other creditors of the defendant therein, they claiming that the judgment and execution were fraudulent. The sheriff had his remedy by paying the money into court, and leaving the disposition of it to the court. That he can thus protect himself see Warmoll v. Young, 5 Barn. & C. 660.

The rule was applied, without being stated, in Sablicich v. Russell, L. R., 2 Eq. 441, to proceedings in admiralty, upon the ground that " inasmuch as two persons can not succeed against the ship in respect of the same subject-matter, it may be supposed that the court of admiralty will do complete justice between the parties." The case of Shaw v. Chester, 2 Edw. Chy. 405, is very emphatic in the same direction. The appellee here had another and simpler remedy than filing a bill for protection against a double claim, and because she had that simpler remedy, and had no need of an injunction, it is wrong.

" Substantial and positive injury must always be made to appear to the satisfaction of a court of equity before it will grant an injunction." 1 High on Injunctions, Sec. 9.

So that here is the double ground of error in the order: first, it is based upon a bill that should not have been filed because the appellee had another ample remedy; and because she did not need an injunction for her protection. What was that other ample remedy?

By her answer in the Superior Court, the appellee imposed upon the appellant the alternative to make.Humble a defendant there, or suffer the bill to be dismissed. A supplementary answer in the Circuit Court would have the same effect in that court. Herrington v. Hubbard, 1 Scam. 569; Shields v. Barrow, 17 How. (U. S.) 130.

" It is the constant aim of courts of equity to do complete

justice, by deciding upon and settling the rights of all persons interested in the subject-matter of the suit, so that the performance of the decree of the court may be perfectly safe for those who are compelled to obey it." Story's Eq. Pl. Sec. 72; to the same effect 1 Dan. Chy. 190.

The principle has been so often declared by the Supreme Court of this State, from Gilham & Cairns Breese, 164, down, that it would be affectation to cite cases. If appellant made Humble a defendant, or if Humble made appellant a defendant, then a decree in either suit to which both appellant and Humble were parties, would be a protection to the appellee against further claims of both of them, and a decree safe for her to perform.

The great multitude of cases cited by the counsel of the appellant, that in foreclosure suits, holders of estates or interests in, or claims upon, the lands, adverse or paramount to the estate accruing under the mortgage, need not be made parties, have no application to this case.

Humble claims nothing in the land. She admits the title of Williams to it; admits that the land is beyond her reach, but says that this unpaid mortgage upon it, is a fund into which property of which she was defrauded, has been converted, and to the benefit of which, principles of equity give her a title. Whether, assuming the facts to be as she alleges, she could have the relief she asks, would be one of the appropriate topics of the treatise to which I alluded in the first sentence of this opinion. No declarations made in a suit to which she is not a party will cut her off from that relief, or protect Williams against it, if she is entitled to it, and without giving her an opportunity to be heard, no court can say that she may not be so entitled. Trigg v. Hitz, 17 Abb., Pr. 436.

The only case cited to oppose this view is Harrison v. Pike 48 Miss. 46, in which the court held that on the showing made by the defendant the absent party had no claim.

The court did not deny the general rule, but said if the things alleged were proper to be adjudicated in that suit, the defendant should have made the absent party a party to the

cross-bill, or put the complainant under a rule to do so. ——— v. Walford, 4 Russ. 372, is similar in principle. If the want of all necessary parties does not appear on the face of the bill, it may be shown by answer. Herrington v. Hubbard, 1 Scam. 569; Prentice v. Kimball, 19 Ill. 320; Lietze v. Clabaugh, 59 Ill. 136; Hopkins v. Roseclaire, 72 Ill. 373; Gerard v. Bates, 124 Ill. 150; Augustine v. Doud, 1 Ill. App. 588; Story's Eq. Pl. Secs. 236–541.

The complainant may probably take issue upon the answer, instead of amending by making the absent party defendant, but then, at the hearing, if it appear that he ought to have amended regularly, the bill would be dismissed with costs, and leave to amend at that stage denied. Van Epps v. Van Deusen, 4 Paige, 64; Lord v. Underdunck, 1 Sand. Ch. 46. There can be no foreclosure unless the parties entitled to the whole mortgage money are before the court. Palmer v. Carlisle, 1 Eng. Ch., 1 S. & S. 423. And if there be an adverse claimant to the money, he must be made a party. Fowler v. Doyle, 16 Ia. 534. The same principle is recognized in Sec. 11 of the Garnishment Act, and was before that act applied to garnishments in Born v. Staaden, 24 Ill. 320. Therefore, as the appellant could not carry on her suit without making Humble defendant, after the answer of the appellee had shown the interest of Humble, the injunction was needless, and the order granting it erroneous, and that order ought to be reversed and the cause remanded, in my opinion, but the majority of the court is against me.

After all, however, practically as to this case, it is only a question of costs. From the judgment of this court, in this class of cases, there is no appeal, and the appellee, if the opinion of the court or this be followed, will be protected against the double claim.