## THE PLATTE VALLEY STATE BANK

### *v.*

## THE NATIONAL LIVE STOCK BANK *et al.*

*Filed at Ottawa April 1, 1895.*

1. APPEALS AND ERRORS—*case where appeal lies from Appellate to Supreme Court.* An appeal lies to the Supreme Court from a judgment of the Appellate Court sustaining a demurrer to a bill of interpleader, and dismissing the bill as to appellant, and directing the circuit court to enter a decree which the court should, under the holding of the Appellate Court, have entered without direction, where an affirmance by the Supreme Court will end the entire controversy.

2. SAME—*power of Appellate Court to change remanding order.* The Appellate Court has power to change its remanding order during the term at which the order was entered.

3. INTERPLEADER—*when a bill of interpleader will lie.* A bank with which money is deposited to be credited to another bank, and which notifies the latter of the deposit, is entitled to maintain a bill of interpleader as against the latter and a third bank claiming such funds as the proceeds of a sale of cattle owned by the depositor and mortgaged to it, and wrongfully converted by the depositor without its knowledge or consent, where it is claimed that the bank in whose favor the deposit was made had notice of the mortgage and conversion.

4. SAME—*notice of deposit not an independent undertaking.* In such case, the notice given of the deposit is not an independent undertaking by the bank receiving the deposit, especially where it was given in ignorance of the fact that the third bank claimed the fund.

5. SAME—*the credit, and not the identical money, is the chose in action.* The credit arising in such case from the deposit of the money, and not the identical money deposited, constitutes the chose in action which is the subject of contention, and the respective claims of the banks are, therefore, for the same identical thing.

*Nat. Live Stock Bank* v. *Platte Valley State Bank,* 54 Ill. App. 483, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. S. P. McCONNELL, Judge, presiding.

PECKHAM & BROWN, for appellant:

The complainant has incurred an independent liability to us, arising out of the facts stated in the bill, and has no right to preclude us from enforcing that liability against it by action.   Adams' Eq. *204; 3 Pomeroy's Eq. Jur. sec. 1322; *Crawshay* v. *Thornton*, 2 M. & C. 1; *Bank* v. *Rushmore*, 28 Ill. 463; *Johnson* v. *Ward*, 2 Ill. App. 261; *Tinkham* v. *Heyworth*, 31 Ill. 519; *Bank* v. *Lumber Co.* 132 Mass. 410.

In placing the money to our credit and notifying us that it had done so, it has issued to us its certificate of deposit, equivalent to its promissory note, to which our co-defendants were in no way parties.   *Hunt* v. *Divine*, 37 Ill. 137; *Telford* v. *Patton*, 144 id. 611.

The fact of our having paid out considerable sums of money on the faith of the complainant's notification that it held for our use the amount deposited by Halsey, estops it, as against us, from disavowing that notification.   *Bank* v. *Bank*, 50 N. Y. 578; 7 Am. & Eng. Ency. of Law, 19; *Coolidge* v. *Payson*, 2 Wheat. 66; *Carr* v. *Miner*, 42 Ill. 179; *Transportation Co.* v. *McClary*, 66 id. 233; *Railroad Co.* v. *Larned*, 103 id. 293; *Armour* v. *Railroad Co.* 65 N. Y. 111.

The bill does not present a case fit for an interpleader, because the defendants named in it do not claim the same thing, debt or duty.   Adams' Eq. *203; 3 Pomeroy's Eq. Jur. sec. 1322.

The allegation that the Omaha bank and the Platte Valley bank both "claim from complainant the said specific fund," is not to be taken as true, because it is repugnant to the facts stated in the bill, and is an erroneous conclusion of law inferred from those facts.   Daniell's Ch. Pr. chap. 14, sec. 1; Adams' Eq. *335.

The bill does not present a case fit for an interpleader, because the adverse claims mentioned in it are not dependent on or derived from a common source.   3 Pomeroy's Eq. Jur. sec. 1322.

COY & BROCKWAY, for appellee the National Live Stock Bank:

A decree of interpleader is interlocutory, and not final. *Barth* v. *Rosenfeld*, 36 Md. 604; *Owings* v. *Rhodes*, 65 id. 408.

We contend that the Appellate Court had no power to change its remanding order, once rendered, without the consent of all parties, except on rehearing.. *Jenkins* v. *Bank*, 9 Ill. App. 488; *Reed* v. *West*, 70 Ill. 479; *Newberry* v. *Blatchford*, 106 id. 584.

In the case at bar the identity of the fund was preserved. *United States* v. *Inhabitants of Waterborough*, 2 Ware, 158.

All the books treating of interpleader speak of the object of the rival claims as "the same debt, duty or other thing." (Story's Eq. Pl. 9th ed. 291.) In the case at bar, the object of the rival claims is the same debt, to-wit, the debt which arose from the depositing of the money. By virtue of the deposit the debt stood in place of the money. *Parnell* v. *Deffell*, 4 DeG., M. & G. 372.

WALKER, JUDD & HAWLEY, for appellee the Union Stock Yards National Bank:

The following authorities sustain the doctrine that a chattel mortgage, valid under the law of the State where executed, will be so held by the courts of a sister State to which the property may be removed: 2 Hilliard on Mortgages, 412; *Blystone* v. *Burgett*, 10 Ind. 28; *Martin* v. *Hill*, 12 Barb. 633; *Barker* v. *Stacy*, 25 Miss. 477; *Ferguson* v. *Clifford*, 37 N. H. 87; *Jones* v. *Taylor*, 30 Vt. 42.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

The National Live Stock Bank filed its bill of interpleader in the circuit court of Cook county, against the Platte Valley State Bank, the Union Stock Yards National Bank and one Halsey. The latter was defaulted, and the Union Stock Yards National Bank answered, not

questioning the complainant's right to file the bill, but claiming that the money mentioned therein belonged to it.   The present appellant filed a .general demurrer to the bill, which was sustained by the circuit court, and the bill dismissed at complainant's cost.   From that order the National Live Stock Bank appealed to the Appellate Court for the First District, and that court, upon a consideration of the case, reversed the decision of the circuit court and entered its judgment remanding the cause generally.   Subsequently during the term, upon the present appellant declaring its purpose to abide by its demurrer, that judgment was changed, and the decree of the circuit court was reversed and the cause remanded, with directions to permit the complainant in the interpleader (the National Live Stock Bank) to pay the money in its hands into court, to the credit of the Platte Valley State Bank, (this appellant,) and upon such payment being made, to order that said last named bank and the Union Stock Yards National Bank interplead with each other as to their respective rights to said fund, and that an injunction issue restraining the Union Stock Yards National Bank from proceeding against the National Live Stock Bank in the attachment proceedings mentioned in the bill, and restraining all of the defendants to the bill from commencing any action or actions against the said National Live Stock Bank for the recovery of said fund. It was further ordered that the National Live Stock Bank recover its costs against the said Platte Valley State Bank, and have execution therefor.   This is an appeal from that judgment.   The National Live Stock Bank has entered a motion to dismiss the appeal, upon the ground that the judgment of the Appellate Court is not a final judgment, and that motion, having been reserved until the decision of the case, must first be disposed of.

The National Live Stock Bank is a banking corporation doing business at the stock yards in Chicago, and

the Platte Valley State Bank and the Union Stock Yards National Bank are banking corporations located in the State of Nebraska. According to the allegations of the bill, as amended, one F. A. Halsey, who was also made a party defendant to the bill and was defaulted, by his agents deposited with the National Live Stock Bank the sum of $5963.18, to be credited to the Platte Valley Bank, and to be remitted or paid to said Platte Valley Bank upon presentation of a draft to be drawn by it. When the money was so deposited and credited, the agents of Halsey requested the National Live Stock Bank to immediately notify the Platte Valley Bank of the deposit and credit having been made, and notification thereof was accordingly, and on the same day, given, by both telegram and letter. It was further alleged, upon information and belief, that the Platte Valley Bank, acting upon said telegram and letter, and prior to any further advice from the National Live Stock Bank concerning the money so credited, paid out, to an extent unknown to the National Live Stock Bank, certain sums of money upon orders therefor drawn by said Halsey, and that said Platte Valley Bank does now, and has ever since the day of such deposit, claimed of the National Live Stock Bank the entire sum so deposited and credited, and that the entire sum so deposited and credited still remains in the hands of the last named bank. It is further alleged, that four days after said deposit was made, and before the receipt by the National Live Stock Bank of any draft or other request by the Platte Valley Bank or by said Halsey, the Union Stock Yards National Bank of South Omaha made known to the National Live Stock Bank that it claimed said fund of $5963.18, asserting that the same was the proceeds of sale of certain cattle owned by said Halsey and mortgaged to said Union Stock Yards Bank, and wrongfully converted by Halsey without its knowledge or consent, and that said Platte Valley Bank had notice of such mortgage and wrongful conversion,

and of the disposition of the proceeds as aforesaid; that said Union Stock Yards Bank claims said money, and has notified the National Live Stock Bank not to pay the same to the Platte Valley Bank, and has begun a suit at law in attachment to obtain said fund from the National Live Stock Bank as garnishee, and threatens other suits at law and in equity against the said bank; that both the Platte Valley Bank and the Union Stock Yards Bank claim from the National Live Stock Bank the said specific fund of $5963.18; that both of said banks' claims against the National Live Stock Bank arise out of the depositing by Halsey of said fund with it; that it is in danger of being harassed by other suits of said claimants; that it is, and always has been, willing to pay said fund to whomsoever is lawfully entitled thereto, and offers to bring the same into court; that it fears it cannot be protected by the judgment that may be recovered against it in the suit at law that has been begun, or in other suits that may be begun against it by either of the rival claimants to said fund, and therefore prays that the said several claimants to said fund may be required to interplead and settle their demands between themselves; that it has no interest in the subject matter, and is not colluding with either of said claimants touching the matter in controversy, but exhibits its bill of interpleader merely that it may be protected in the payment of said fund and avoid being harassed by the claimants thereto, and agrees to pay the same to whichever claimant may be adjudged to be entitled thereto, and prays for an injunction against the prosecution of said attachment proceedings, and from other suits being begun against it for the recovery of said money.

It will thus be seen that the judgment of the Appellate Court appealed from, grants to the National Live Stock Bank all the relief prayed for in its bill, and allows it to do just what it there offers to do. If the Appellate Court decided correctly in reversing the judg-

ment of the circuit court, the latter should have overruled appellant's demurrer to the bill. If it had done so, and appellant had elected to stand by the demurrer, as it did in the Appellate Court, it would have been the duty of the court to grant the prayer of the bill, and as there was then no issue between the complainant and other parties as to its right to file the bill of interpleader and have the relief therein prayed, we are unable to see why an appeal upon the prayer of this appellant from such a decree would not have been maintainable in the Appellate Court. The decree would have finally settled the rights of the complainant in the interpleader as against the Platte Valley State Bank, and as nothing remained to be litigated between it and the other bank, it could not have been said there was an attempt to take the case to a court of review by piecemeal. If an appeal could not have been prosecuted from such a decree, it is not perceived by what right the complainant below took the case to the Appellate Court. If an order overruling the demurrer to the bill and entering a decree according to its prayer would not have been final as between the complainant and the present appellant in the circuit court, how can it be said the order sustaining the demurrer and dismissing the bill as to appellant was final? The Appellate Court simply directed the circuit court to enter a decree, which, upon its decision on the sufficiency of the bill, that court should have entered without directions. If the judgment of the Appellate Court is affirmed by this court, it will settle, once for all, the entire controversy between the National Live Stock Bank (complainant below) and each of the other banks, and we think the law authorizes and the ends of justice require that an appeal should be allowed from that judgment, rather than to compel the parties to go back to the circuit court, and there await, in uncertainty, the final determination of the sufficiency of the bill, until the contending banks shall have litigated their controversy.

The contention of counsel for the National Live Stock Bank that the Appellate Court had no power to change its remanding order during its term is without force. It is impossible to see why that bank should deny the finality of the judgment of the Appellate Court, or seek to have it set aside. It grants it, as we have already said, all the relief it seeks by its bill, and in the manner there prayed. No advantage could result to it (unless it would be an advantage to hold the money, which it shows does not belong to it,)` by compelling the case to take the course insisted upon. The motion to dismiss the appeal is without merit, and will be overruled.

On the merits of the case but one ground of reversal is urged by counsel for the appellant, and that is, that the Appellate Court erred in holding the bill of interpleader sufficient, and reversing the order of the circuit court sustaining the demurrer thereto. After stating the material allegations of the bill substantially as above set forth, the Appellate Court, in its opinion by SHEPARD, P. J., says:

"It is laid down in 3 Pomeroy's Equity Jurisprudence, section 1322, that the equitable remedy of interpleader depends upon and requires the existence of the four following elements: 'First, the same thing, debt or duty must be claimed by both or all the parties against whom the relief is demanded; second, all their adverse titles or claims must be dependent on or be derived from a common source; third, the person asking the relief—the plaintiff—must not have or claim any interest in the subject matter; fourth, he must have incurred no independent liability to either of the claimants,—that is, he must stand perfectly indifferent between them, in the position, merely, of a stakeholder.' Counsel for the appellee Platte Valley Bank contend, *seriatim*, that the appellant's case, as made by its bill, fails to meet the first, second and fourth of the essential conditions so laid down by Mr. Pomeroy.

"What is claimed by the appellees the Platte Valley Bank and the Union Stock Yards Bank, is the chose in action, the debt, the credit that was given and arose from the depositing of the money with the appellant. The identical money that was deposited is not, and, for the reason that the title to it passed to the appellant and its identity became lost when the deposit was made, could not be, the subject of conflicting claims, but the credit, or, in other words, the debt, is what is claimed, and it is the same debt, and not a different one, that is claimed by both claimants. It would be difficult to state a subject of dispute that did not possess a bodily existence, about which there could be less difficulty of identification.

"The only contention against the existence of the second condition stated to be essential to the right to maintain interpleader, is based upon the showing, by the bill, of payments of money by the Platte Valley Bank, acting upon the telegram and letter of appellant, on orders drawn on it by Halsey. The liability of appellant to the Platte Valley Bank does not depend upon whether that bank paid Halsey's orders or not, but exists, if at all, because of receiving and crediting the deposit for the account of that bank. Neither the appellant nor the Platte Valley Bank were under any obligation to each other as to what disposition the latter should make of the money credited to it. It may or may not happen that the Platte Valley Bank has suffered loss through reliance upon the fund which was deposited with the appellant to its credit. Such an occurrence in no manner affects the question of whether the adverse claims to that fund are dependent on or derived from a common source. If it may hereafter be held that the Platte Valley Bank has a claim superior to the Union Stock Yards Bank on the deposited fund, to the partial extent of payments made in reliance upon the credit given, or to the whole extent of the entire deposit, the allowance of such a claim would arise out of and rest upon the fact of the credit that was

given, and in either case would have for its foundation the same source that its claim for the entire fund now has, viz., the deposit by Halsey, and the credit thereof that was given by the appellant to the Platte Valley Bank. And the claim of the Union Stock Yards Bank, if it shall prevail, will rest upon the same source, to-wit, the deposit by Halsey. The common source of both claims is Halsey.

"The appellant further contends that the bill fails to show a case that is within the third and fourth of the conditions laid down by Mr. Pomeroy as essential to a bill of interpleader, for the reason that it appears that appellant has incurred an independent liability to the Platte Valley Bank, and therefore has an interest in the fund inconsistent with the indifference of a mere stakeholder. We do not so consider it. The only theory upon which it can be argued that an independent liability arose from the appellant to the Platte Valley Bank grows out of the fact of the deposit of the fund with appellant by Halsey to the credit of the Platte Valley Bank, and the consequent relation of debtor and creditor thereby created. The liability of appellant, whatever and to whomsoever it was, arose from the act of deposit and acceptance of the fund. It did not spring from the telegram and letter of notification. Such papers did not constitute the contract, but were mere evidences of it; neither did they increase appellant's liability or affect it in any way. The liability of the appellant would have been just the same to the Platte Valley Bank without any such notification having been given, as with it. The independent liability that will deprive a depositary of the right to require rival claimants to the deposit to interplead, may arise either by express acknowledgment of the title of one of the claimants, or out of such contractual relations as will bind him, as upon an independent undertaking, without reference to his possible liability to the other claimant. (3 Pomeroy's Eq. Jur. sec. 1326.)

Under such circumstances he does not stand indifferent between the claimants, since one of them has a valid legal demand against him at all events.

"What is there in the mere fact of notification of deposit and credit, such as the bill alleges, that constitutes an undertaking by the appellant to the Platte Valley Bank, independent of the transaction with the agents of Halsey? The notification was given before the appellant was informed of the claim of the Union Stock Yards Bank to the deposit, and it should not be construed into a contract to pay the money, notwithstanding an adverse claim to it of which no notice had been given. The notification was merely of a fact, viz., the deposit and the credit, and there was in it no element of new contract or independent undertaking with reference to the subject, *i. e.*, the deposit. The question here is, merely, whether the statements in the bill constitute such a case as entitles the appellant to the protection afforded by a bill of interpleader, and we have endeavored to show that all the conditions required to maintain such a bill exist in what is alleged in the bill, and that the demurrer ought to have been overruled and the rival claimants required to interplead. As was stated by Lord Chancellor COTTEN-HAM in *Crawshay* v. *Thornton*, 2 Mylne & Craig, 1, (14 Eng. Ch. 1): 'The case tendered by every such bill of interpleader ought to be, that the whole of the rights claimed by the defendants may be properly determined by litigation between them, and that the plaintiffs are not under any liabilities to either of the defendants beyond those which arise from the title to the property in contest.'

"That a bill of interpleader will be sustained notwithstanding the suggestion that appellant might protect himself by defending in the suit already begun, and in all others that may be brought against him, has been decided by this court heretofore. (*Curtis* v. *Williams*, 35 Ill. App. 518; *Livingston* v. *Bank of Montreal*, 50 id. 562.) As

said in the latter case: 'The true reason for the remedy is the risk of vexation and expense from two or more suits by different parties for the recovery of the same thing.'

"The appellant having only the legal title and possession of the fund or money to which conflicting claims derived from a common source are set up, and being under no independent liability concerning the fund, ought to be permitted to interplead the parties, bring the money into court, and go free, leaving the rival claimants to settle their contest in a proceeding wherein a final judgment will be a termination of the controversy between all parties."

After considering the argument of counsel for appellant, and the authorities cited as holding that a bill of interpleader will not lie upon the state of case made by this bill, we are satisfied that the law applicable to the facts alleged in complainant's bill, and admitted by the demurrer, is correctly announced in the foregoing opinion, and a proper conclusion there reached.

The argument in support of the proposition that the complainant had, prior to filing its bill, incurred an independent liability to appellant, and cannot therefore ask to be relieved from accounting to it by interpleader, does not give due weight to the fact that the acts by which the independent liability to appellant is claimed to be established were done in ignorance of the fact that the Omaha bank claimed the fund under its chattel mortgage, "and that said Platte Valley Bank had notice of such mortgage and wrongful conversion, and of the disposition of the proceeds as aforesaid."

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*