## John C. Brocklebank, Adm'r, v. Charles W. Lasher.

1. INTERPLEADER—*Requisites of a Bill of.*—In order that a bill may be good as a bill of interpleader, first, the same thing, debt or duty must be claimed by both or all the parties against whom the relief is demanded; second, all their adverse titles or claims must be dependent on or be derived from a common source; third, the person seeking the relief—the plaintiff—must not have or claim any interest in the subject-matter; fourth, he must have incurred no independent liability to either of the claimants—that is, he must stand perfectly indifferent between them, in the position merely of a stakeholder.

2. SAME—*How a Bill in the Nature of a Bill of Interpleader Differs from a Bill of Interpleader.*—A bill in the nature of a bill of interpleader differs from a bill of interpleader in that the complainant by it seeks not only to have the conflicting claims of the defendants against himself which he desires to discharge to the proper parties, adjudicated, but also some affirmative relief.

3. SAME—*Reasons for the Remedy.*—The reason for the remedy afforded by a bill of interpleader is the risk of vexation and expense from two or more suits by different parties for the recovery of the same thing.

**Bill for an Injunction,** and in the nature of a bill of interpleader. Appeal from the Superior Court of Cook County; the Hon. AXEL

CHYTRAUS, Judge presiding. Heard in this court at the March term, 1903. Affirmed. Opinion filed October 8, 1903.

DEFREES, BRACE & RITTER, attorneys for appellant.

ULYSSES G. HAYDEN, attorney for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellee filed a bill against appellant, administrator of the estate of Matilda L. Lasher, deceased, and others, heirs at law of said deceased, also the Equitable Trust Co., administrator of the estate of German Lasher, deceased, and others, heirs at law of said last named deceased, praying an injunction to restrain the defendants from prosecuting actions at law upon two certain promissory notes of $500 and $750, respectively, described in the bill, and for a cancellation thereof. A temporary injunction was issued, according to the prayer of the bill, from which this appeal is taken.

It appears from the allegations of the bill, in substance, that on May 1, 1892, appellee gave his note to said German Lasher for $750, on which he paid interest during the lifetime of said German and up to the death of said Matilda, which occurred April 2, 1899. By his last will, which was duly probated, said German bequeathed the income of said $750 note to said Matilda during her lifetime, and after her death the principal and all unused income to his three children, naming them. Appellee was appointed executor under said German's will, but afterward the Equitable Trust Co. was appointed administrator with the will annexed. Said German died August 31, 1895, and after his death appellee, acting as his executor, received from said Matilda Lasher, who was the surviving widow of said German, the $750 note; that said Matilda then requested appellee to pay the funeral expenses of said German, take the same out of the $750 note and make a new note for the balance; that appellee did so, paying therefor $250, which was deducted from the said $750 note, the same being marked paid and canceled by appellee, and kept in his possession, and a new note for the balance of $500 was

then executed by appellee and made payable to said Matilda; that the fund owing by appellee, whether on the one note or the other, is the same, and is $500, and that he has always been willing to pay the same to such person or estate as is lawfully entitled to receive the same, and offers to bring the moneys into court, as he may be directed; that Brocklebank, as administrator of the estate of said Matilda, has commenced a suit in the Circuit Court against appellee on the $500 note, and the Equitable Trust Co., as administrator of the estate of said German, and his said heirs, are threatening to bring suit against appellee on the $750 note, claiming it as an asset of the estate of said German.

The bill contains the usual allegation of a bill of interpleader, that appellee does not collude with the defendants, or either of them, but that he files the bill of his own free will to prevent being molested touching the said notes and to prevent a multiplicity of suits.

For appellant it is contended, first, that the bill is not good as a bill of interpleader, in that it is wanting in several essentials of such a bill as is laid down in the case of Platte, etc., Bank v. Nat'l., etc., Bank, 155 Ill. 250–7. This claim we think is well founded, but does not justify a reversal of the order of injunction.

Second, it is contended that the bill is not good as a bill in the nature of a bill of interpleader, but we think this contention is not tenable. 2 Daniell's Ch. Pl. & Pr. (5th Ed.), 1571; Newhall v. Kastens, 70 Ill. 156; Heath v. Hurless, 73 Ill. 323; Hellman v. Schneider, 75 Ill. 422; Platte Valley Bank v. National Bank, *supra.*

In the last case cited the Supreme Court states the following requisites of a bill of interpleader, quoting from 3 Pomeroy's Equity Jurisprudence, Sec. 1322, as follows:

"First, the same thing, debt or duty must be claimed by both or all the parties against whom the relief is demanded; second, all their adverse titles, or claims, must be dependent on or be derived from a common source; third, the person asking the relief—the plaintiff—must not have or claim any interest in the subject-matter; fourth, he must have

incurred no independent liability to either of the claimants—that is, he must stand perfectly indifferent between them, in the position, merely, of a stakeholder."

In the Heath case, *supra*, the Supreme Court say that a bill in the nature of a bill of interpleader differs from a bill of interpleader in this: "The complainant, by it, seeks not only to have the conflicting claims of the defendants against himself which he desires to discharge to the proper parties adjudicated, but also some affirmative relief."

We think, from the foregoing definitions and the statements of the bill, to which we have referred, it is apparent that the bill in this case comes within each of the requisites of a bill of interpleader, except the third, and inasmuch as the appellee seeks affirmative relief, viz., a credit on the $750 note, for the funeral expenses of German Lasher, deceased, paid by him while acting as executor of his estate, and a cancellation of the two notes, as well as an injunction against the prosecution of suits at law by the different claimants, the bill comes clearly within the definition of a bill in the nature of a bill of interpleader.

It is also said that the bill can not be maintained because, if the allegations of the bill are true, then there is a complete defense at law to the $500 note which is adequate, and reliance is placed upon the Hellman case, *supra*, which seems to give some support to the contention; but we are inclined to the view that what is said in that regard was not necessary to the decision of the case, since the court held that the bill in that case, by reason of its allegations in other respects, was not good, either as a bill of interpleader or a bill in the nature of a bill of interpleader. However, we think that case, in so far as it may be said to sustain appellant, must yield to the later case of Platte, etc., Bank v. Bank, *supra*, in which it was held that such a bill would be sustained notwithstanding the complainant might protect himself in a suit already begun, and in all other suits that might be brought against him, and the court in this regard say: "The true reason for the remedy is the risk of vexation and expense from two or more suits by different parties for the recovery of the same thing."

A further claim is made in appellant's brief that the injunction can not be sustained because the verification of the bill is insufficient. We do not pass upon this claim, because it was waived by appellant's counsel in the oral argument. It was stated by appellant's counsel in the oral argument, that he desired a decision upon the merits of the bill, and did not wish it on this technical point.

For the purposes of this appeal the allegations of the bill must be taken as true, and we think they justify the injunction order, which is accordingly affirmed.