## John Livingstone v. Bank of Montreal.

## Review Print. and Pub. Co. v. Bank of Montreal.

1. INTERPLEADER—*Right to File a Bill for.*—An indifferent stakeholder may be compelled to submit to the expense and trouble of defending as many suits as parties claiming the same thing from a common source, may see fit to bring.

2. INTERPLEADER - *Jurisdiction and Remedy by a Bill of, etc.*—Justice requires that a mere stakeholder willing to surrender a thing in his possession, shall not be vexed by contending claimants whose contention is not in reality at all with him, but with each other, and the law affords to him, through the medium of a bill of interpleader, a relief from such vexation.

GARY, J., dissenting.

3. COURTS OF LAW—*Power to Protect Parties from Double Claims.*—A court of law has power to protect a person against a double claim in different suits pending before it by different claimants for the same money, in one of which such person is a garnishee in the suit of an attach-

Livingstone v. Bank of Montreal.

ing creditor, and in the other a defendant in a suit for the recovery of the money by the defendant in the attachment proceedings, by staying executions in the suit for the money until the final disposition of the garnishment proceedings.

4. COURT OF LAW—*Power to Protect Parties from Double Claims— Application of the Law.*—An art company deposited some money in a bank and another company garnisheed it. Then the art company sued the bank for the money. The bank filed a bill of interpleader and obtained an injunction against the prosecution of both suits. An appeal having been taken from the order granting the injunction, *it was held*, that the bill of interpleader was unnecessary because the court in which the proceedings were pending had ample power to protect the bank from a double claim by a stay of execution until the garnishee proceedings were ended.

**Memorandum.**—Interpleader. In the Circuit Court of Cook County. Bill of interpleader and for injunction; the Hon. PHILIP STEIN, Judge, presiding. Appeal by interpleading creditors from an order granting an injunction. Heard in this court at the March term, 1893. Affirmed. Opinion filed November 27, 1893.

APPELLANT'S BRIEF, STIRLEN & KING, ATTORNEYS FOR AP- PELLANT LIVINGSTONE. TENNEY, CHURCH & COFFEEN, ATTORNEYS FOR APPELLANT REVIEW PRINTING & PUBLISHING CO.

But we do not think these facts furnish ground for an injunction even against the interpleaders. For the law is well settled that under such circumstances the court will stay the proceedings in that case until the final disposition of the garnishment suit. There was, therefore, no right to apply to a court of equity. Drake on Att., Sec. 701; Morton v. Webb, 7 Vt. 123; Hicks v. Gleason, 20 Vt. 139; Crawford v. Slade, 9 Ala. 887; Crawford v. Clute, 7 Id. 157; McFadden v. O'Donnell, 18 Cal. 160; Winthrop v. Carlton, 8 Mass. 456; Lynch v. Hartford Ins. Co., 17 Fed. Rep. 627; McKeon v. McDermott, 22 Cal. 667; 2 Wade on Att., Sec. 501; Shealy v. O'Toole, 56 Ga. 210.

APPELLEE'S BRIEF, LYMAN & JACKSON AND WM. R. BURLEIGH, ATTORNEYS.

Appellees contended that although in form an appeal from an order allowing an injunction, the real inquiry is whether the bill will lie.

Where interlocutory injunction is obtained in an action of interpleader to restrain further proceedings in an action at law, and there appears to be a serious question to be determined on the hearing, it is proper to continue the injunction till final hearing. 1 High on Injunctions, Sec. 56.

The doctrine that an injunction should only be granted where positive injury is made to appear has no application to the order restraining a defendant in an interpleader from the further prosecution of an action against complainant. An injunction or restraining order in such a case is but an incident of the principal order that the defendants interplead. Curtis v. Williams, 35 Ill. App. 527.

The text writers and authorities agree with substantial unanimity upon four requisites essential to the right to maintain a bill of interpleader, all of which four essentials being present we find no recorded case in which the right has been denied. These essentials are:

(1.) The identity of the thing or fund in controversy.

(2.) The plaintiff claims no interest therein, and is ready and willing to deliver or pay.

(3.) That the plaintiff shall be under no independent obligation to either of the would-be defendants.

(4.) That there shall be a privity of title between the defendants whom it is sought to interplead.

All these elements are present in this case. Pomeroy's Eq. Juris., Sec. 1324, 3d edition; Newhall v. Kastens, 70 Ill. 156; Crane v. McDonald, 118 N. Y. 648; Moore v. Barnheisel, 45 Mich. 500; Webster v. McDaniel, 2 Del. Ch. 297.

OPINION OF THE COURT, WATERMAN, J.

Appellee filed, in the Superior Court, its bill of interpleader, alleging that a deposit of $1,014,71 having been made with it on the 25th day of July, 1892, in the name of the Metropolitan Art Engraving Company, and such deposit still remaining, on the 29th day of said July, the Review Printing and Publishing Company brought, in the Circuit Court of Cook County, an action of assumpsit against John Livingston and John Lumley, and suing out an attachment

in aid thereof, summoned complainant as a garnishee, claiming that the said deposit to the credit of the Metropolitan Art Engraving Company belonged to said Livingston and Lumley, and was holden for their debts; that interrogatories to complainant as garnishee were filed therein and duly answered; that on the 13th of September, 1892, Frederick J. Prior and the said Livingston and Lumley, as co-partners doing business as the Metropolitan Art Engraving Company, sued complainant in the Superior Court to recover the amount of said deposit, which suit is pending and undetermined, and in pursuance of notice stood upon the short cause calendar in order for trial on the 19th of December, 1892; that October 6, 1892, an order was entered in the said attachment suit, requiring said Prior, Livingston and Lumley to interplead therein, which they did on the 6th day of December, 1892; that complainant has no interest or claim to said fund, and has always been willing to pay the same to whoever is entitled thereto, and offers to bring the same into court; that complainant does not know whether the said Metropolitan Art Engraving Company is composed of Livingston and Lumley, the defendants in the attachment suit, or of Prior, Livingston and Lumley, the plaintiffs in the suit brought in the Superior Court, and can not pay to either without the hazard of being required to pay twice or being involved in litigation to avoid a double payment; that complainant has endeavored to have the defendants to its bill agree to such proceedings as would terminate all litigation, but Prior, Livingston and Lumley are forcing their suit to a speedy trial, and are about to obtain a judgment therein, which will be a bar to a bill of interpleader by complainant; that complainant does not collude with either party.

The bill called for answers from all the parties named, and asked that the Review Company and Prior, Livingston and Lumley be required to interplead and be each enjoined from prosecuting their respective suits.

On the 13th of January, 1893, the bill was amended by the insertion of the allegations that the complainant is in-

formed by the attorneys for said Review Company that it claims that Livingston and Lumley are non-residents of the State of Illinois, and are the sole owners of the Metropolitan Art Engraving Company, and of the deposit to its credit, and that they are indebted to the said Review Company; that an order has been made in the attachment suit in the Circuit Court setting said interpleader for hearing on the 17th day of January, 1893; that in the suit in the Superior Court a stay of proceedings was asked for by complainant until the issue arising upon the interpleader could be determined, which stay of proceedings was once granted, but the order for the same has subsequently been vacated. Upon the same day by leave of court, the complainant deposited the fund in court in the said cause wherein its said bill was filed.

A temporary injunction as prayed by the bill having been issued, the court overruled motions made to dissolve and to modify the same. From the order granting the said injunction, the said Review Company and John Livingston each prayed and has perfected an appeal.

While it is not contended that appellee must pay out this deposit twice, it is insisted that although standing entirely indifferent between the two parties contending for this fund, it is to be compelled to defend as best it may the different lawsuits brought, trusting that in the end only one recovery will be had, or if two shall be had, that only one will be maintained.

We do not understand that a mere indifferent stakeholder may be compelled to submit to the expense and trouble of defending as many suits as parties claiming the same thing from a common source may see fit to bring.

The reason for the jurisdiction and remedy by bill of interpleader, is not so much the danger to the complainant of two recoveries for the same thing, as the vexation arising from different claimants. Indeed, theoretically, there can not be a danger of two recoveries for the same thing, because as there can be only one just and proper recovery, therefore, theoretically, but one recovery can be had. The true reason

for the remedy is the risk of vexation and expense from two or more suits by different parties for the recovery of the same thing.   Newhall v. Kastens, 70 Ill. 156, 159; Langston v. Boylston, 2 Ves. Jr. 101, 109; Crawford v. Fisher, 1 Hare, 436, 441; Daniell's Ch. Pr., 1560, 1562, Fifth Am. Ed.; School Dist. v. Weston, 31 Mich. 85, 97; Pomeroy's Eq. J., Sec. 1320, note; Crane v. McDonald, 118 N. Y. 648, 657; Lockett v. Rumbough, 40 Fed. Rep. 523; Curtis v. Williams, 35 Ill. App. 518.

Justice requires that a mere stakeholder, willing to surrender a thing in his possession, shall not be vexed by contending claimants whose contention is not in reality at all with him, but with each other, and the law affords to him, through the medium of a bill of interpleader, a relief from such vexation.   The decree of the Superior Court is therefore affirmed.

GARY, P. J., DISSENTING.

July 25, 1892, a deposit of $1,014.71 was made with the appellee by Livingstone, in the name of the Metropolitan Art Engraving and Publishing Company.

July 30th the bank was summoned as garnishee in the Circuit Court on an attachment sued out by the Review Co. against Livingstone and one Lumley.

September 13th one Prior, with Livingstone and Lumley, sued the bank in the Superior Court for the money.

The Metropolitan Art Engraving and Publishing Company seems to be the high-sounding name of a partnership of uncertain membership.

December 17th the bank filed a bill of interpleader and obtained an order from which these appeals are taken for an injunction against the prosecution of both cases.   There was no need of this bill.   It must be assumed that the Superior Court on the law side, where the suit of Prior, Livingstone and Lumley is pending, will protect the bank against a double claim by at least staying execution until the final disposition of the garnishment proceedings.   Drake on Att., Sec. 699 *et seq.;* Shaw v. Chester, 2 Edw. Chy. R. 405;

McDonald v. Allen, 37 Wis. 108; Sablicich v. Russell, L. R. 3 Eq. 441.

In those proceedings the question of whether the money belongs to Livingstone and Lumley only, or to them and Prior, will be determined upon the interpleader which the three have there filed under the statute, Secs. 11, 12, Ch. 62.

It appears that the money is now in the Superior Court under an order made in this cause, and that the bank is willing that Prior, Livingstone and Lumley shall have it, if it can be protected against the attaching creditor of Livingstone and Lumley. There is therefore no reason for even proceeding to judgment in the suit on the law side of the court, until it shall be determined in the attachment case that it belongs to the three, and not to the two only.

The order granting an injunction should be reversed and the cause remanded with directions to dissolve the injunction.