## National Live Stock Bank v. Platte Valley State Bank, Union Stock Yards National Bank and F. A. Halsey.

1. INTERPLEADER—*Upon What the Equitable Remedy Depends.*—The equitable remedy of interpleader depends upon the existence of four elements. First: The same thing, debt, or duty must be claimed by both or all the parties against whom the relief is demanded. Second: All their adverse titles or claims must be dependent, or be derived from a common source. Third: The person asking the relief—the plaintiff—must not have or claim any interest in the subject-matter. Fourth: He must have incurred no independent liability to either of the claimants; that is, he must stand perfectly indifferent between them, in the position merely of a stakeholder.

2. SAME—*What Will Deprive a Depositary of his Rights.*—The independent liability that will deprive a depositary of the right to require rival claimants to interplead, may arise either by express acknowledgment of the title of one of the claimants, or out of such contractual relations as will bind him, as upon an independent undertaking, without reference to his possible liability to the other claimant.

3. SAME—*The Case Tendered by the Bill.*—The case tendered by every bill of interpleader ought to be, that the whole of the rights claimed by the defendants be properly determined by litigation between them, and that the plaintiff is not under any liabilities to either of the defendants beyond those which arise from the title to the property in contest.

4. SAME—*Bill of, Favored in Equity.*—A bill of interpleader will be sustained, notwithstanding the party may protect himself by defending in the suit previously begun, and in all others that may be brought against him. The reason for the remedy is the risk of vexation and expense from two or more suits by different parties for the recovery of the same thing.

Memorandum.—Bill of interpleader. Appeal from the Circuit Court of Cook County; the Hon. SAMUEL P. McCONNELL, Judge, presiding. Heard in this court at the March term, 1894. Reversed and remanded. Opinion filed May 28, 1894.

The opinion states the case.

COY & BROCKWAY, attorneys for appellant.

PECKHAM & BROWN, attorneys for the Platte Valley State Bank, appellee.

BRIEF OF UNION STOCK YARDS NATIONAL BANK, APPELLEE, WALKER, JUDD & HAWLEY, ATTORNEYS.

The principle is well established that the holder of a chattel mortgage may follow the property beyond and out of the State where the mortgage was given, and recover it even in the hands of an innocent purchaser for value. Handley v. Harris, 29 Pac. Rep. 1145.

The law of the place of contract, when this is also the place where the property is, governs as to the nature, validity, construction and effect of a mortgage, which will be enforced in another State as a matter of comity, although not executed or recorded according to the requirements of the law of the latter State. Jones' Chat. Mort., page 299.

If the holder of property has recently come from an adjoining State, there may be a mortgage upon the property in that State, and a purchaser or creditor must exercise his diligence by inquiring there whether the property is incumbered, just as, when the owner has recently removed from another part of the same State, the purchaser or creditor is bound to inquire, at such former residence of the owner, for incumbrances there recorded. Jones' Mortg., 260; Offutt v. Flagg, 10 N. H. 47; Langworthy v. Little, 12 Cush. 111; Smith v. McLean, 24 Ia. 323; Kanaga v. Taylor, 7 Ohio St. 134; Hoit v. Remmick, 11 N. H. 285; Whitney v. Haywood, 6 Cush. 82; Barrows v. Turner, 50 Me. 127; Hicks v. Williams, 17 Barb. 523; Cool v. Roche, 20 Neb. 550; Feurt v. Rowell, 62 Mo. 525; Mumford v. Canty, 50 Ill. 371.

A chattel mortgage, valid under the law of the State where executed, will be so held by the courts of a sister State to which the property may be removed. 2 Hilliard on Mort-. gages, 412; Blystone v. Burgett, 10 Ind. 28; Martin v. Hill, 12 Barb. 633; Barker et al. v. Stacy, 25 Miss. 477; Ferguson v. Clifford, 37 N. H. 87; Jones v. Taylor, 30 Vt. 42.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This is an appeal from a decree sustaining the demurrer of

the appellee, the Platte Valley State Bank, to the bill of appellant, and dismissing the bill for want of equity.

The appellant is a banking corporation doing business at the stock yards, in Chicago, and the appellee, the Platte Valley State Bank, and the Union Stock Yards National Bank of South Omaha, are banking corporations located in the State of Nebraska.

According to the allegations of the bill, as amended, one F. A. Halsey, who was also made a party defendant to the bill and was defaulted, by his agents, deposited with appellant the sum of $5,963.18 to be credited to the appellee, the Platte Valley Bank, and to be remitted or paid to said Platte Valley Bank upon presentation of a draft to be drawn by it.

When the money was so deposited and credited, the agents of Halsey requested the appellant to immediately notify said Platte Valley Bank of the deposit and credit having been made, and notification thereof was accordingly, and on the same day, given by both telegram and letter.

It was further alleged, upon information and belief, that the Platte Valley Bank, acting upon said telegram and letter, and prior to any further advice from the appellant concerning the money so credited, paid out, to an extent unknown to appellant, certain sums of money upon orders therefor drawn by said Halsey, and that said Platte Valley Bank does now, and has ever since the day of such deposit, claimed of appellant the entire sum so deposited and credited, and that the entire sum so deposited and credited still remains in the hands of the appellant.

It is further alleged that four days after said deposit was made, and before the receipt by appellant of any draft or other request by the Platte Valley Bank, or by said Halsey, the Union Stock Yards National Bank of South Omaha, made known to appellant that it claimed said fund of $5,963.18, asserting that the same was the proceeds of sale of certain cattle owned by said Halsey and mortgaged to said Union Stock Yards Bank, and wrongfully converted by Halsey without its knowledge or consent, and that said Platte Valley Bank had notice of such mortgage and wrong-

ful conversion, and of the disposition of the proceeds as aforesaid; that said Union Stock Yards Bank claims said money, and has notified appellant not to pay the same to the Platte Valley Bank, and has begun a suit at law in attachment to obtain said fund from appellant as garnishee, and threatens other suits at law and in equity against appellant; that both the Platte Valley Bank and the Union Stock Yards Bank claim from appellant the said specific fund of $5,963.18; that both of said banks' claims against appellant arise out of the depositing, by Halsey, of said fund with appellant; that the appellant is in danger of being harassed by other suits of said claimants; that appellant is and always has been willing to pay said fund to whomsoever is lawfully entitled thereto, and offers to bring the same into court; that appellant fears it can not be protected by the judgment that may be recovered against it in the suit at law that has been begun, or in other suits that may be begun against it by either of the rival claimants to said fund, and therefore prays that the said several claimants to said fund may be required to interplead and settle their demands between themselves; that appellant has no interest in the subject-matter and is not colluding with either of said claimants touching the matter in controversy, but exhibits its bill of interpleader merely that it may be protected in the payment of said fund, and avoid being harassed by the claimants thereto, and agrees to pay the same to whichever claimant may be adjudged to be entitled thereto, and prays for an injunction against the prosecution of said attachment proceedings and from other suits being begun against appellant for the recovery of said money.

It is laid down in 3 Pomeroy's Equity Jurisprudence, Sec. 1322, that the equitable remedy of interpleader depends upon and requires the existence of the four following elements:

" First.   The same thing, debt, or duty must be claimed by both or all the parties against whom the relief is demanded.

Second.   All their adverse titles or claims must be dependent, or be derived from a common source.

Third.  The person asking the relief, the plaintiff, must not have nor claim any interest in the subject-matter.

Fourth.  He must have incurred no independent liability to either of the claimants; that is, he must stand perfectly indifferent between them, in the position merely of a stake-holder."

Counsel for the appellee, Platte Valley Bank, contend *seriatim*, that the appellant's case, as made by his bill, fails to meet the first, second and fourth of the essential conditions so laid down by Mr. Pomeroy.

What is claimed by the appellees, the Platte Valley Bank and the Union Stock Yards Bank, is the chose in action—the debt—the credit that was given and arose from the depositing of the money with the appellant.

The identical money that was deposited is not—and for the reason that the title to it passed to the appellant, and its identity became lost when the deposit was made could not—be the subject of conflicting claims; but the credit, or in other words, the debt, is what is claimed, and it is the same debt, and not a different one, that is claimed by both claimants.

It would be difficult to state a subject of dispute that did not possess a bodily existence, about which there could be less difficulty of identification.

The only contention against the existence of the second condition stated to be essential to the right to maintain interpleader, is based upon the showing by the bill of payments of money by the Platte Valley Bank, acting upon the telegram and letter of appellant, on orders drawn on it by Halsey.

The liability of appellant to the Platte Valley Bank does not depend upon whether that bank paid Halsey's orders or not, but exists, if at all, because of receiving and crediting the deposit for the account of that bank.

Neither the appellant nor the Platte Valley Bank, were under any obligation to each other as to what disposition the latter should make of the money credited to it.

It may or or may not happen that the Platte Valley Bank has suffered loss through reliance upon the fund which was deposited with the appellant to its credit.

Such an occurrence in no manner affects the question of whether the adverse claims to that fund are dependent on or derived from a common source.

If it may hereafter be held that the Platte Valley Bank has a claim superior to the Union Stock Yards Bank on the deposited fund, to the partial extent of payments made in reliance upon the credit given, or to the whole extent of the entire deposit, the allowance of such a claim would arise out of and rest upon the fact of the credit that was given, and in either case would have for its foundation the same source that its claim for the entire fund now has, viz., the deposit by Halsey and the credit thereof that was given by the appellant, to the Platte Valley Bank.

And the claim of the Union Stock Yards Bank, if it shall prevail, will rest upon the same source, to wit, the deposit by Halsey.

The common source of both claims is Halsey.

The appellant further contends that the bill fails to show a case that is within the third and fourth of the conditions laid down by Mr. Pomeroy, as essential to a bill of interpleader, for the reason that it appears that appellant has incurred an independent liability to the Platte Valley Bank, and therefore has an interest in the fund inconsistent with the indifference of a mere stakeholder.

We do not so consider it. The only theory upon which it can be argued that an independent liability arose from the appellant to the Platte Valley Bank grows out of the fact of the deposit of the fund with appellant by Halsey, to the credit of the Platte Valley Bank, and the consequent relation of debtor and creditor thereby created. The liability of appellant, whatever and to whomsoever it was, arose from the act of deposit and acceptance of the fund. It did not spring from the telegram and letter of notification. Such papers did not constitute the contract, but were mere evidences of it; neither did they increase appellant's liability or affect it in any way. The liability of the appellant would have been just the same to the Platte Valley Bank without any such notification having been given, as with it.

The independent liability that will deprive a depositary of the right to require rival claimants to the deposit to interplead, may arise either by express acknowledgment of the title of one of the claimants, or out of such contractual relations as will bind him, as upon an independent undertaking, without reference to his possible liability to the other claimant. 3 Pomeroy's Equity Juris., Sec. 1326.

Under such circumstances he does not stand indifferent between the claimants, since one of them has a valid legal demand against him at all events.

What is there in the mere fact of notification of deposit and credit, such as the bill alleges, that constitutes an undertaking by the appellant to the Platte Valley Bank independent of the transaction with the agents of Halsey?

The notification was given before the appellant was informed of the claim of the Union Stock Yards Bank to the deposit, and it should not be construed into a contract to pay the money notwithstanding an adverse claim to it, of which no notice had been given.

The notification was merely of a fact, viz., the deposit and the credit, and there was in it no element of new contract, or independent undertaking, with reference to the subject, *i. e.*, the deposit.

The question here is merely whether the statements in the bill constitute such a case as entitles the appellant to the protection afforded by a bill of interpleader, and we have endeavored to show that all the conditions required to maintain such a bill exist in what is alleged in the bill, and that the demurrer ought to have been overruled and the rival claimants required to interplead.

As was stated by Lord Chancellor Cottenham, in Crawshay v. Thornton, 2 Mylne & Craig, 1 (14 Eng. Chan. 1):

"The case tendered by every such bill of interpleader ought to be, that the whole of the rights claimed by the defendants may be properly determined by litigation between them, and that the plaintiffs are not under any liabilities to either of the defendants beyond those which arise from the title to the property in contest."

That a bill of interpleader will be sustained notwithstanding the suggestion that appellant might protect himself by defending in the suit already begun, and in all others that may be brought against him, has been decided by this court heretofore. Curtis v. Williams, 35 Ill. App. 518; Livingston v. Bank of Montreal, 50 Ill. App. 562.

As said in the latter case: "The true reason for the remedy is the risk of vexation and expense from two or more suits by different parties for the recovery of the same thing."

The appellant having only the legal title and possession of the fund or money to which conflicting claims derived from a common source are set up, and being under no independent liability concerning the fund, ought to be permitted to interplead the parties, bring the money into court, and go free, leaving the rival claimants to settle their contest in a proceeding wherein a final judgment will be a termination of the controversy between all parties.

The decree of the Circuit Court will therefore be reversed and the cause remanded.