George Pfeiffer v. W. S. McCullough, et al.

Gen. No. 4,405.

1. INJUNCTION—*when erroneous granting of, without notice will not reverse.* Where the bill and the verification were not sufficient to authorize the granting of an injunction without notice to the defendant, yet a reversal will not follow where it appears from such bill as verified that had notice been given the complainant would have been entitled to the injunction granted, and where it likewise appears that no prejudice resulted from the granting of such injunction without notice.

2. INJUNCTION—*when, lies to restrain collection of void judgment.*

While, ordinarily, an injunction does not lie to restrain the collection of a void judgment, such rule does not apply as against a garnishee, where he is threatened with several suits and files a bill of interpleader.

3. PAROL EVIDENCE—*incompetent to aid record.* Parol testimony is incompetent to contradict the entries in a justice's docket and thus render a judgment valid which otherwise would be void.

Bill of interpleader. Appeal from the Circuit Court of Peoria County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1904. Affirmed. Opinion filed August 24, 1904.

ARTHUR KEITHLEY, for appellant.

JUDSON STARR, for appellee Jacob Linck.

MR. PRESIDING JUSTICE FARMER delivered the opinion of the court.

W. S. McCullough, as executor, had in his hands moneys belonging to James F. Richardson to the amount of $73.32. Richardson resided in Modock county, California, and appears to have been indebted to appellant, George Pfeiffer. On the 8th day of March, 1902, Pfeiffer brought an attachment suit against Richardson before a justice of the peace in Peoria and summoned McCullough as garnishee. Thereafter such proceedings were had before the justice of the peace, that a final judgment purports to have been entered against the garnishee in favor of Richardson, for use of Pfeiffer, on the 14th day of April. On the 24th day of April, McCullough was served as garnishee with process issued in a suit of Jacob Linck against Richardson in the County Court of Peoria county. Linck's counsel notified McCullough not to pay the money in his hands belonging to Richardson on the Pfeiffer judgment, and demanded it for his client, while Pfeiffer's attorney claimed his client had a right to the money and threatened to have execution issued if it was not paid. Thereupon McCullough filed a bill of interpleader setting up the proceedings and garnishment by appellant, George Pfeiffer, and the reasons why said judgment was of doubtful validity, and that he had been informed it was wholly void and forbidden to pay it; also, that on the 24th of April he was served with garnish-

ment process issued in the attachment suit of Linck in the County Court, which he had been informed would be prosecuted to judgment and the money in his hands claimed by Linck. The bill alleged that complainant was ready and willing to pay the money to any person lawfully entitled to it and to whom he could safely pay it, and alleged that he was not in collusion with either of the defendants to the bill nor interested in the success of either of them, but filed the bill of his own free will to avoid molestation and vexation touching the matters therein contained, and offered to bring the money into court. The bill prayed that appellant, his attorney, and the justice of the peace before whom the alleged judgment was rendered, be restrained from proceeding against complainant for the collection of said purported judgment, and that the defendants be required to set forth the respective rights by which they each claimed to be entitled to the money, and that the controversy be adjusted between them, and that upon payment of the money into court the complainant be discharged. Upon the filing of the bill the court ordered the writ of injunction without notice. The bill was filed to the May term, 1902, on the 3rd day of said month of May. At the September term, and on the 22nd day of the month, Linck and Richardson answered the bill of interpleader setting up the suit begun by Linck in the County Court and his intention to prosecute it when the bill of interpleader was filed. The answer further avers that at the time the suit was brought negotiations were pending between Linck and Richardson for an order from Richardson to McCullough for the money McCullough held belonging to Richardson; that the negotiations had been actually concluded at the time Linck brought this suit by the order having been given, but on account of poor mail facilities in the mountains of California, where Richardson resided, the order was not received by Linck until after he was served with process in the interpleader by McCullough. The order is set out in the answer and bears date, Modock county, California, April 29, 1902, and has an acknowledgment attached of the

same date. The answer further avers that upon receiving
this order Linck presented it to McCullough who indorsed
it as follows: "Accepted subject to pending litigation,
this 7th day of May, 1902. W. S. McCullough." The an-
swer also charges that the Pfeiffer judgment is invalid, that
McCullough has no right to pay the money in his hands
thereon, and claims that Linck himself is entitled to the
money.

At the same term, and on the 23rd day of the month,
Pfeiffer moved to dissolve the injunction, which motion the
court overruled, and six days later, Pfeiffer and his at-
torney, Keithley, answered the bill denying that the Pfeif-
fer judgment is invalid and charged that the complainant
in the interpleader was in collusion with Linck for the pur-
pose of defeating appellant's claim and his rights by virtue
of his judgment, and that the suit was brought for Linck's
benefit. Replication was filed to the answers and the cause
referred to the master to take proof and report conclusions.
After taking the testimony the master reported that the
Pfeiffer judgment against McCullough as garnishee is
irregular and void, that the injunction restraining its col-
lection should be made perpetual, and that Linck was en-
titled to the money upon the written order of Richardson,
accepted by McCullough, subject to the pending litigation,
after paying costs. Appellant filed objections before the
master which were by him overruled, and upon the filing
of his report presented exceptions thereto. These excep-
tions were overruled and the report of the master sustained,
and a decree entered in accordance therewith from which
this appeal is prosecuted.

It is insisted by appellant that the bill was not properly
verified and that the injunction having been issued without
notice the motion to dissolve it should have been sustained.
The bill was verified in accordance with the recognized
practice and precedents in cases of interpleader, which dif-
fers from the practice and requirements in other cases
where injunction is sought. Under the showing made by
complainant it is very doubtful whether the court was au-

thorized to order the writ of injunction without notice;
still, in view of the fact that complainant would have been
entitled to the writ upon notice, and the further fact that
appellant was not prejudiced by it, we are not disposed to
hold that this was such an error as would warrant a re-
versal.   Appellant, upon the overruling of his motion,
answered the bill and had his rights adjudicated, which
was obliged to be done anyway before he could be per-
mitted to seek to enforce payment of the judgment he
claimed to have against McCullough as garnishee.   We are
of opinion the bill was in proper form and contained the
necessary allegations to authorize it to be filed and re-
tained.   Morrill v. Manhattan Life Ins. Co., 183 Ill. 260.
The most vital question, however, in this case is whether
the Pfeiffer judgment against McCullough is valid or not.
A transcript of that judgment is copied in the record and
as abstracted shows that the writ in the original attachment
suit against Richardson was issued March 8, 1902, return-
able March 13, 1902, at 9 A. M., and given to a constable to
serve.   On the same day it was issued it was returned,
served on McCullough as garnishee, "defendant not found."
On March 13, "case called and continued to April 28,
1902, at 1 P. M., for notices to the defendant and notice
issued and given constable, C. Frabe, to post."   March 14,
1902, "notice returned indorsed, three copies thereof posted
in three places," and under date of April 28, a judgment
was rendered against the defendant in attachment, Richard-
son, and a conditional judgment against the garnishee.
Under date of April 14, a final judgment was rendered
against the garnishee for $79.32.   It will be seen that this
judgment against the garnishee was fourteen days prior to
the conditional judgment against him, and to the judgment
against the original defendant, Richardson.   The statute
provides "no final judgment shall be entered against a
garnishee in any attachment proceeding until the plaintiff
shall have recovered a judgment against the defendant in
such attachment."   There is a recital from the justice's
docket under no date line, "case continued as to garnishee

to April 7 for *sci. fa.*, and again continued to April 14, 1902, at 1 P. M., for *sci. fa.*, which was issued." ·We cannot see that this entry helps matters. If a *sci. fa.* was issued returnable April 14, it was before the rendition of the conditional judgment, and the judgment against the original defendant in the attachment. No *sci. fa.* was issued against McCullough April 28, the day the conditional judgment was rendered against him. Appellant's position is that the justice of the peace continued the case to the 28th of March instead of April, and that where the word "April" occurs, preceding the date 28, "March" was meant, and he introduced the justice at the hearing before the master to prove this. It appears from his testimony that the entry in his docket at the time the judgment against Richardson was rendered begins "March 28, 1902," etc. The word "March" is erased and "April" written above it. The justice of the peace testified that erasing "March" and writing "April" was a mistake. Even if oral testimony were competent for any such purpose this does not clear up the matter, for under date of March 13, the day the process was originally made returnable, it is recited that the case was "called and continued to April 28, 1902," and this entry is not explained. These irregularities clearly render the judgment void and oral evidence is incompetent to give validity to the record by showing a different state of facts from that disclosed by the record. Garfield v. Douglas, 22 Ill. 100; Wiley, et al. v. Southerland, 41 Ill. 25; W. C. Street R. R. Co. v. Morrison, 160 Ill. 288. It is also insisted by appellant that McCullough had a complete remedy at law if the judgment was void, and therefore his remedy by interpleader would not lie. We do not think the same rule applies to McCullough that would apply if the contest were between Pfeiffer and Richardson, the original debtor. It has been held often that injunction will not lie to restrain the collection of a void judgment, but that applies only where the judgment creditor threatens to enforce its collection and nobody is involved except the judgment creditor and judgment debtor. In that event only one suit, whether at law

or equity, would settle the controversy. In this case, however, Pfeiffer claims the right to the money in McCullough's hands by virtue of a judgment, and demands payment. Linck denies the validity of the judgment and claims the money by virtue of the order on McCullough from Richardson and demands that it be paid to him. Under these circumstances McCullough was not obliged to determine for himself which was right, or take the chances of litigation with both. His position was similar to that of the stakeholder willing to surrender to the proper person, seeking to avoid vexation by the contending claimants, whose contention is not in reality with him, but with each other. Livingstone v. Bank of Montreal, 50 Ill. App. 562, and cases there cited. It is also contended that McCullough was not fair and disinterested between the parties, but was colluding with and seeking to give Linck an advantage. We think this position is not sustained by the evidence. The testimony shows that McCullough preferred to pay the money to Richardson and did not wish either Linck or Pfeiffer to get it until he had been presented with an order from Richardson to pay the money to Linck, and this was after he had filed his interpleader. The order was then only accepted subject to the decision that might be rendered in the interpleader case.

We are of opinion there is no reversible error in this record and the decree is affirmed.

*Affirmed.*